■ B. Miriam Gordon, Respondent, v City of New York, Appellant, and Manhattan and Bronx Surface Transit Operating Authority, Respondent.—Judgment, Supreme Court, New York County, entered September 1, 1976, after a jury trial, in favor of the plaintiff against the defendant City of New York and the defendant Manhattan and Bronx Surface Transit Operating Authority (MABSTOA), insofar as appealed from, unanimously modified, on the law, to the extent of reversing the judgment against the City of New York; dismissing the complaint as against the City of New York; dismissing the cross complaint of MABSTOA against the City of New York; and finding liability solely against MABSTOA; and otherwise affirmed, without costs or disbursements. B. Miriam Gordon, 81 years of age, while alighting from a MABSTOA bus, tripped and fell, causing serious physical injury to herself. Gordon sued MABSTOA, claiming, *inter alia,* that the bus driver negligently failed to discharge her at the curb. The City of New York was sued on the theory that it had allowed the sidewalk and roadway to remain in a dangerous condition. Other parties were also named as defendants but, during the trial of the action, the complaints as against them were dismissed prior to the jury's beginning its deliberations. The trial, which was held to determine the issue of liability only, resulted in a verdict in favor of the plaintiff against both remaining defendants. Liability was apportioned 60% against MABSTOA and 40% against the city. The issue of damages was then settled among the parties with the city reserving its right to appeal the liability finding against it, based upon a lack of constructive or actual notice of the defect in the sidewalk. At the trial, it was proven that several months prior to the accident Consolidated Edison's contractors were authorized to make street openings near the accident site in order to make repairs. The openings were refilled and approved by the

Department of Highways. Since there was no proof that the defect involved was caused by this construction, the case against Consolidated Edison and its contractors was dismissed. There was also evidence adduced in the form of photographs to show that the irregularities in the pavement were located near a water valve, which valve it is urged was subject to a special use by .the city; however, no causal connection between the defective pavement and the water valve was proven. In sum, there was no proof at all of constructive or actual notice to the city of the defect claimed. We find under the circumstances of this case that the photographs alone were insufficient to establish constructive notice (cf. *Batton v Elghanayan,* 55 AD2d 663, 664), and, absent any other proof on the subject of notice, dismissal of the complaint against the City of New York is warranted. Concur—Kupferman, J. P., Birns, Silverman and Lane, JJ.