■ Edward P. Barker et al., Respondents, v Tennis 59th, Inc., Defendant, and City of New York, Appellant. — Interlocutory judgment of the Supreme Court, New York County (Albert Blinder, J.), entered November 22, 1982 in favor of plaintiff Edward P. Barker on the issue of liability only, after a bifurcated trial, reversed, on the law and the facts, without costs, and the matter remanded for a new trial. ¶ Plaintiff, a 26-year-old New York City policeman, was a member of a softball team which used a playing field owned and maintained by the city and located on York Avenue, underneath the Queensboro Bridge. The field is under the jurisdiction of the Parks Department which charges a fee for its use. It is truly a sandlot for it is bereft of grass. ¶ The area encompassing the field is surrounded by a wire mesh fence. At the sides of the field are four stanchions on which are mounted multiple light bulbs. ¶ The game in which plaintiff was a participant started shortly before dusk. It followed the completion of another game. Shortly after the game commenced, a Parks Department employee turned on the lights, at the request of the players. There is testimony that a number of the light bulbs affixed to each of the stanchions were out. There was also testimony that over a four- to six-week period prior to the game complaints about the lighting condition had been brought to the attention of the Parks Department. ¶ During the sixth

inning of a scoreless contest, plaintiff was on second base. The batsman hit a pitch and plaintiff ran to third base. He rounded the base to continue on to the home plate. Some 10 to 15 feet distant from third base was a rut or depression described as 3 to 3½ feet long, 1 to 1½ feet wide and some 4 or 5 inches deep. Plaintiff's foot went into this depression and he fell, apparently rather heavily. There is testimony that plaintiff's team had used the playing field the previous week and that, at that time, there was no rut or depression between third base and home plate. ¶ The trial court submitted the case to the jury on two theories, defective lighting conditions and defective playing field, or a combination of both. Although the court requested the jury to find special verdicts, it merely requested that the jury determine whether the city was negligent and, if so, whether that negligence was the proximate cause of plaintiff's injury. It did not seek to determine the theory on which such negligence was predicated. The jury found that the city was negligent and that its negligence was the proximate cause of the accident. It apportioned fault 90% to the city and 10% to plaintiff. ¶ In order for plaintiff to prevail he was required to show that the city knew of the defect which caused the accident or that it existed for such a period of time that, in the exercise of reasonable care, it should have known of it (*Bogart v Woolworth Co.*, 24 NY2d 936; *Gordon v City of New York,* 57 AD2d 818). Although there was proof that knowledge of the defective condition of the lights had been conveyed to the city's representative, the record is barren of proof that the city knew, or in the exercise of reasonable care, should have known of the defective condition of the third base-home plate base path. From the general verdict on negligence we cannot ascertain the basis for the jury's verdict of negligence on the part of the city. Under these circumstances, there must be a retrial of the issue of liability. Concur — Sullivan, J. P., Ross, Bloom, Fein and Milonas, JJ.