■ DEBRA A. BYRD, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 81704.) [614 NYS2d 446] —In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Bell, J.), entered July 14, 1994, which, after a nonjury trial, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

The claimant was injured when, while pursuing an errant volleyball, she slipped in a muddy area and her foot went into an erosion channel next to a paved path.

The State has a duty to maintain its premises in a reasonably safe condition *(see, Duelk v State of New York,* 6 Misc 2d 538; *Pope v State of New York,* 198 Misc 31, *affd* 277 App Div 1157). We agree with the finding of the Court of Claims that the State took all reasonable steps to maintain the park

grounds. The testimony of the park manager demonstrated that the State fulfilled its duty to maintain the park in a safe condition by conducting daily inspections and correcting defects as soon as possible if not immediately. The State, however, was not required to correct every defect in the park area *(see, Drew v State of New York,* 146 AD2d 847).

In order for the claimant to successfully prove her allegations of negligence, she had to show that the State knew of the defect which caused the accident or that it existed for such a period of time that, in the exercise of reasonable care, the State should have known of the defect *(see, Barker v Tennis 59th,* 99 AD2d 999). There is no evidence in the record that notice of the presence of the alleged defective condition had been conveyed to the State's representatives. On the contrary, the State produced evidence that it had not received complaints concerning the area. Further, the manager of the park testified that no work orders were found for this area. Mangano, P. J., Bracken, Joy and Hart, JJ., concur.