■ JACK GUTIERREZ et al., Respondents, v TOWN OF RA-MAPO, Appellant, et al., Defendant. [619 NYS2d 840] —Crew III, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Bergerman, J.), entered January 25, 1993 in Rockland County, which, inter alia, denied defendant Town of Ramapo's cross motion for summary judgment dismissing the complaint against it.

Plaintiff Jack Gutierrez (hereinafter plaintiff) commenced this action for injuries he allegedly sustained in December 1989 while walking along Twin Lakes Drive in the community of Monsey, located in the Town of Ramapo, Rockland County. Twin Lakes Drive, which apparently is owned and maintained by defendant Town of Ramapo, intersects with South Monsey Road, which apparently is owned and maintained by defendant County of Rockland. The record indicates that Twin Lakes Drive was constructed approximately 30 years ago, at which time a small berm or curb was installed and beyond which lay a dirt shoulder. As plaintiff approached the intersection of Twin Lakes Drive and South Monsey Road, he stepped off the northern edge of Twin Lakes Drive, twisted his ankle and fell. Plaintiff testified at his examination before trial that the accident happened between the northern edge of Twin Lakes Drive and the dirt shoulder immediately adjacent to it.

Following joinder of issue, the County moved for summary judgment dismissing the complaint and the Town cross-moved for similar relief based upon plaintiff's failure to comply with the Town's prior written notice statute. Plaintiff opposed the motions and with respect to the Town contended that the prior written notice statute was inapplicable because the accident did not occur upon a "highway, sidewalk, bridge or culvert" (see, Local Laws, 1977, No. 4 of Town of Ramapo § 26-1). Supreme Court, inter alia, denied the Town's cross motion finding that plaintiff's accident occurred off the "roadway" and, hence, did not fall within the purview of the Town's prior written notice statute. This appeal by the Town followed.

The issue on this appeal distills to whether a "shoulder" is

deemed to be part of a "highway" for purposes of prior written notice statutes such as the one at issue here. We believe it is. Although it is true, as Supreme Court found, that plaintiff's accident did not occur on the "roadway" *(see generally,* Vehicle and Traffic Law § 140 [defining roadway as "(t)hat portion of a highway improved, designed, marked, or ordinarily used for vehicular travel, exclusive of the shoulder and slope"]), the term "highway" has a broader definition *(see, e.g.,* Highway Law §§ 2, 3, 219; Vehicle and Traffic Law § 118) and includes the adjacent shoulder *(see generally, Waterfall v Taylor,* 35 AD2d 619; *Years v Waite,* 14 Misc 2d 393, 394). Additionally, the mere fact that the shoulder at issue here was not "improved" in the sense that it was not paved does not, in our view, remove it from the scope of the Town's prior written notice statute. It is apparent from the record that the Town indeed provided a shoulder, albeit dirt and sand, along the north edge of Twin Lakes Drive and, having done so, created a general right of passage for the traveling public *(see generally, Stratton v City of Beacon,* 91 AD2d 1018).

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Town of Ramapo's motion; said motion granted, summary judgment awarded to said defendant and complaint dismissed against it; and, as so modified, affirmed.