ELIZABETH LAURIA, Appellant, v CITY OF NEW ROCHELLE, Respondent. [639 NYS2d 867] —Crew III, J.

In the early morning hours of October 13, 1991, plaintiff was returning to her car, located in a municipal parking lot in the City of New Rochelle, Westchester County, when she tripped on an uneven portion thereof, fell and was seriously injured. As a consequence, plaintiff commenced this negligence action against defendant. Defendant answered and thereafter successfully moved for summary judgment on the ground that it had received no prior written notice of the alleged defective condition of the parking lot in accordance with the General Municipal Law and defendant's City Charter (see, General Municipal Law § 50-e [4]; New Rochelle City Charter, art XII, § 127A). Plaintiff then moved for reargument, which motion was granted, and upon reargument Supreme Court adhered to its prior ruling. These appeals by plaintiff followed.

Plaintiff contends that the municipal parking lot in question does not constitute one of the six enumerated locations under General Municipal Law § 50-e (4) requiring prior written no-

tice.* We disagree. It has long been held that a municipal parking lot is a location where the general public has a general right of passage and is therefore, in legal contemplation, a highway *(see, People v County of Westchester,* 282 NY 224, 228; *Englehardt v Town of Hempstead,* 141 AD2d 601, 602, *lv denied* 72 NY2d 808; *Stratton v City of Beacon,* 91 AD2d 1018, 1019; *Ebert v Incorporated Vil. of Garden City,* 21 Misc 2d 607, 608). Plaintiff contends, however, that the lot at issue here does not constitute a highway because a permit was required to park therein and, as such, it was not open to the general public *(see, Stratton v City of Beacon, supra,* at 1019; *People v Kraushaar,* 195 Misc 487; *Weinstein v McKenzie,* 177 Misc 451). In support of this proposition, plaintiff refers to certain deposition testimony of defendant's Superintendent of Highways, which is not part of the record on appeal and was not presented to Supreme Court in opposition to defendant's motion for summary judgment. Accordingly, that evidence will not be considered by this Court *(see, Chimarios v Duhl,* 152 AD2d 508, 508-509). In any event, plaintiff's argument is lacking in merit, as the parking lot in question was open to the general public, without charge or permit, after 6:00 P.M. *(see,* New Rochelle Code, art VII, § 312-62 [E] [6]), and plaintiff's fall in that lot occurred at 3:00 A.M.

Plaintiff argues in the alternative that even if prior written notice is required, Supreme Court erred in granting defendant's motion because it is alleged in the complaint that her fall was occasioned by inadequate lighting in the parking lot, which constitutes the affirmative creation of a defect. Again, we disagree. In order for plaintiff to establish a prima facie case of defendant's negligence with respect to her allegation of inadequate lighting, she must establish that defendant had a duty to light the area where she was injured *(see, Bauer v Town of Hempstead,* 143 AD2d 793, 794). This she has failed to do. We have considered plaintiff's remaining contentions and find them unavailing.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the orders are affirmed, without costs.

---

* General Municipal Law § 50-e (4) requires prior written notice of a defective or unsafe condition of any street, highway, bridge, culvert, sidewalk or crosswalk.