■ JASON MATSON, Respondent, v TOWN OF MILTON, Defendant, and TWIN RIVERS COUNCIL, INC., BOY SCOUTS OF AMERICA, Appellant. [676 NYS2d 303] —Mercure, J. Appeal from an order of the Supreme Court (Keniry, J.), entered January 5, 1998 in Saratoga County, which, *inter alia,* denied a motion by defendant Twin Rivers Council, Inc., Boy Scouts of America for summary judgment dismissing the complaint against it.

Plaintiff, an adult Boy Scout leader, sustained the injuries forming the basis for this negligence action on May 21, 1995 when he stepped into a hole, slid under a guardrail, fell down an embankment and ultimately came into contact with a tree while directing a nighttime hike along the shoulder of Boyhaven Road, a highway owned and maintained by defendant Town of Milton in Saratoga County within Camp Boyhaven, a Boy Scout camp owned and operated by defendant Twin Rivers Council, Inc., Boy Scouts of America (hereinafter defendant). Plaintiff's claim of liability against defendant arises out of its status as a landowner and also its alleged failure to provide adequate supervision and control over the activities of its campers, including plaintiff. Following joinder of issue, defendant moved for summary judgment dismissing the complaint against it. Citing to defendant's failure to establish that it did not own the embankment area adjacent to the highway, Supreme Court denied the motion. Defendant appeals.

Because we conclude that Supreme Court erred in denying defendant's summary judgment motion, we are constrained to reverse that part of the order appealed from and award summary judgment in favor of defendant. First, the uncontroverted evidence adduced on defendant's motion and on the Town's cross motion for summary judgment (not the subject of this appeal) established that any defective condition that may have been a proximate cause of plaintiff's injuries existed within the bounds of Boyhaven Road and not upon defendant's property. Notably, the opinion of plaintiff's engineering expert, which provides the only competent evidentiary support for plaintiff's claim of a defective condition, is as follows: "It is my opinion that, while the hole in question was caused by water erosion, the reason the hole existed so as to make it a pedestrian hazard was due to the negligent design, construction, repair and maintenance of the culvert[,] embankment, guardrail and shoulder area [of Boyhaven Road]. Safe and proper engineering practice requires that sufficient distance should have been allowed between the edge of the embankment and the guardrail so that erosion of the embankment should not have extended into the area of the roadway shoulder. In the subject location approximately only 1 foot separated the edge of the embankment and the shoulder. At least 2 to 3 feet should have been allowed or some other adequate drainage system should have been constructed to prevent the extent of this erosion. Therefore, it is my opinion that the construction and design of the embankment, guardrail and shoulder area was improper, that it violated basic engineering practice and that such caused the hole in question to become a pedestrian hazard. Proper

maintenance would have also prevented and filled in this condition." Thus, plaintiff's own expert would place the fault for plaintiff's injuries on the design, construction and maintenance of the roadway, which encompasses the associated shoulders, guardrails, embankments, retaining walls and culverts (*see*, Highway Law § 2 [4]; *Gutierrez v Town of Ramapo*, 210 AD2d 636; *Waterfall v Taylor*, 35 AD2d 619), and particularly the placement of the guardrail in relation to the embankment. Apparently recognizing that fact, plaintiff is left to the rather implausible contention that liability may be predicated upon defendant's ownership of the streambed and tree which ultimately stopped his fall. Not surprisingly, the record contains no competent evidence supporting a finding that defendant was in any way negligent in permitting the streambed or tree to exist on its land.

Second, plaintiff failed to raise a genuine factual issue in opposition to defendant's prima facie showing that it had no duty to supervise or control the Boy Scout troops that made use of its facility (*see, Alessi v Boy Scouts*, 247 AD2d 824; *Davis v Shelton*, 33 AD2d 707, *appeal dismissed* 26 NY2d 829). Evidence that a full-time resident camp ranger, who was responsible for maintaining the camp and its facilities, was on the premises at the time of plaintiff's accident strikes us as irrelevant, and plaintiff's reliance upon legal authority relative to the duty owed to children who require supervision and protection is also unavailing. Plaintiff's remaining contentions are either unpreserved or have been considered and found to be lacking in merit.

Mikoll, J. P., Peters and Carpinello, JJ., concur; Spain, J., not taking part. Ordered that the order is modified, on the law, with costs to defendant Twin Rivers Council, Inc., Boy Scouts of America, by reversing so much thereof as denied said defendant's motion; motion granted, summary judgment awarded to defendant Twin Rivers Council, Inc., Boy Scouts of America and complaint dismissed against it; and, as so modified, affirmed.