■ DEBORAH STAUDINGER, Respondent, v VILLAGE OF GRANVILLE, Appellant. [758 NYS2d 415] —Carpinello, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered June 5, 2002 in Washington County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff was injured when she tripped over a metal anchor protruding from the ground in a grassy area adjacent to the municipal parking lot in which she had just parked her car. In this negligence action against defendant to recover for her injuries, the sole issue on appeal is whether Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint on the ground that it received no prior written notice of the allegedly defective condition of the parking lot in accordance with state and local laws requiring such notice (*see e.g.* General Municipal Law § 50-e [4]; Village Law § 6-628). We find that the court did not so err and, accordingly, affirm.

While it is firmly established that a municipal parking lot may be considered a "highway" for the purposes of General Municipal Law § 50-e (4) (*see e.g. Bang v Town of Smithtown*, 291 AD2d 516 [2002], *lv denied* 98 NY2d 665 [2002]; *Lauria v City of New Rochelle*, 225 AD2d 1013 [1996]; *Stratton v City of Beacon*, 91 AD2d 1018 [1983]), it is undisputed that the alleged defect that caused plaintiff's accident was an anchor sticking out of the ground in an area *adjacent* to the parking lot (*cf. Poirier v City of Schenectady*, 85 NY2d 310 [1995]). Thus, to prevail as the proponent of summary judgment, defendant was obligated to establish as a matter of law that this area was indeed part of the parking lot. On this record, we cannot agree that it has met its burden in this regard (*compare* Vehicle and Traffic Law § 144, *with Hall v City of Syracuse*, 275 AD2d 1022 [2000], *and Zizzo v City of New York*, 176 AD2d 722 [1991]; *Gallo v Town of Hempstead*, 124 AD2d 700 [1986]; *see generally* Highway Law § 2 [4]).

To the contrary, two of defendant's Department of Public Works employees, including its Superintendent of Public Works, testified at examinations before trial that they did not know who owns or even maintains the grassy area at issue.

Each employee specifically denied that defendant maintained the area (i.e., mowed the grass or controlled weeds thereon) (*see Poirier v City of Schenectady, supra* at 314 [municipality is obligated to correct a protrusion in sidewalk, if aware of such hazard, on property *that it is charged with maintaining*]; *compare Zigman v Town of Hempstead,* 120 AD2d 520 [1986]) and the Superintendent of Public Works specifically opined that defendant did *not* own it (*compare Gutierrez v Town of Ramapo,* 210 AD2d 636 [1994]). Since defendant failed to establish that it owned or maintained the grassy area (*see generally Poirier v City of Schenectady, supra*), that this area was indeed considered to be a part of the parking lot over which the public has a general right of passage (*see e.g. Lazzari v Village of Bronxville,* 228 AD2d 652 [1996]; *Lauria v City of New Rochelle, supra; Gutierrez v Town of Ramapo, supra; Englehardt v Town of Hempstead,* 141 AD2d 601 [1988], *lv denied* 72 NY2d 808 [1988]) or that the area served any similar functional purpose as the actual parking lot (*see Woodson v City of New York,* 93 NY2d 936 [1999]; *Bang v Town of Smithtown, supra*), summary judgment was properly denied.

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.