GEORGENE E. SMITH, Respondent, v VILLAGE OF HANCOCK, Appellant. [809 NYS2d 589]—

Crew III, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered January 11, 2005 in Delaware County, which denied defendant's motion for summary judgment dismissing the complaint.

Defendant is the owner of certain real property in the Village of Hancock, Delaware County, where the Village fire department is located. On July 2, 2002, plaintiff was walking her dog in front of the fire department when her shoe caught in a hole in the pavement causing her to trip and fall.

In June 2003, plaintiff commenced this personal injury action against defendant alleging that it had negligently maintained the paved area in front of its property. Following joinder of issue and discovery, defendant moved for summary judgment on the ground that plaintiff had failed to comply with the prior written notice requirements of CPLR 9804 and Village Law § 6-628. Supreme Court denied the motion, prompting this appeal.

It is axiomatic that a plaintiff may not bring a civil action against a municipality for damages as the result of an injury sustained by reason of a defective street, highway, bridge, culvert, sidewalk or crosswalk unless prior written notice of the allegedly defective condition has been given (*see* General Municipal Law § 50-e [4]; Village Law § 6-628). It is conceded here that defendant did not receive prior written notice of the alleg-

edly defective condition. That being the case, the question to be resolved is whether the area in question qualifies as one of the types enumerated by the prior written notice statutes and, in that regard, it has been held that the prior written notice requirement will extend to any site that shares the same "functional purpose" as the types of areas explicitly enumerated (*see Staudinger v Village of Granville*, 304 AD2d 929, 930 [2003]).

The record reveals that prior to plaintiff's injury, the building in question not only housed the Village fire department but also the Village Clerk's office, the Village Justice Court and the Village police station. As such, the paved area in front of the building was regularly used as a parking lot by members of the public in order to access the Village Clerk's office, the Justice Court and the police department. The record further reveals that the Village Clerk's office, the Village Justice Court and the police station were relocated and, as of November 1, 2001, the building was used exclusively by the Village fire department and rescue squad, following which the paved area in front of the building was used primarily for access to the highway by the emergency vehicles and, in the summer, as a place to wash such vehicles. Inasmuch as the area was primarily used to provide vehicular access from the building to the street and as an area to wash ambulances and fire trucks, it cannot be said that the area was a portion of the street intended for pedestrian use (*see* Vehicle and Traffic Law § 144). Nor can the area be seen as the functional equivalent of a crosswalk (*see* Vehicle and Traffic Law § 110 [b]).*

Defendant contends, however, that because the paved area in question had the capacity to be used as a parking lot, it should be considered a highway, which is defined as the area between the boundary lines of any publicly maintained way that is open to the use of the public for purposes of vehicular travel (*see* Vehicle and Traffic Law § 118). In this regard, "[i]t has long been held that a municipal parking lot is a location where the general public has a general right of passage and is therefore, in legal contemplation, a highway" (*Lauria v City of New Rochelle*, 225 AD2d 1013, 1014 [1996]). The problem with defendant's contention is that the record here does not reveal that the area in question was used by the general public as a parking lot. To the contrary, the record reveals that after the Village administrative offices relocated, the three or four parking spots remaining

---

* The area obviously does not come within the definition of a bridge (*see* Vehicle and Traffic Law § 1629; Highway Law § 230 [1]) or a culvert (*see* Highway Law § 230 [2]).

along the front of the building were utilized by the Village firefighters. Other than that limited use for parking, the record makes plain that the area where the accident occurred was used only by the fire department to access the street and to wash its vehicles when weather permitted. Accordingly, the area in question cannot be considered the functional equivalent of a municipal parking lot and, therefore, a highway. That being the case, prior written notice was not a condition precedent to maintaining the instant action against defendant, and defendant's motion was properly denied.

Cardona, P.J., Mercure and Spain, JJ., concur. Ordered that the order is affirmed, without costs.