VICTOR IANNUZZI et al., Appellants, v TOWN OF WALLKILL, Respondent. [864 NYS2d 470]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange

County (Owen, J.), dated September 27, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

While the plaintiff Victor Iannuzzi (hereinafter the injured plaintiff) was walking on an unpaved dirt path in a public park owned by the defendant, he allegedly tripped and fell over the end of an in-ground electrical conduit pipe which protruded approximately one inch above the ground. The injured plaintiff claims that he injured his elbow, knee, back, and shoulder as a result of the fall.

Initially, we note that the Supreme Court's finding that the plaintiffs' action was barred by the defendant's prior written notice statute was erroneous. The unpaved dirt path where the injured plaintiff fell does not constitute a sidewalk within the meaning of the defendant's prior written notice statute (*see* Code of Town of Wallkill § 169-1; *Davis v County of Nassau,* 166 AD2d 498 [1990]).

However, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. "To hold a property owner liable for an accident caused by a dangerous or defective condition on the property, a plaintiff must establish that the owner created the condition or had actual or constructive notice of it" (*Dulgov v City of New York,* 33 AD3d 584, 584 [2006]; *see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]). Here, the Supreme Court correctly found that the defendant established its prima facie entitlement to judgment as a matter of law by submitting affidavits of its employees demonstrating that it neither created nor had actual or constructive notice of the alleged dangerous condition (*see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]; *Dulgov v City of New York,* 33 AD3d at 585). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Daniely v County of Westchester,* 297 AD2d 654 [2002]; *Verdes v Brooklyn Union Gas Co.,* 253 AD2d 552 [1998]). Spolzino, J.P., Lifson, Dickerson and Chambers, JJ., concur.