PRUDENCE MULLEN, Appellant, v TOWN OF HEMPSTEAD, Respondent. [886 NYS2d 355]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County, dated April 29, 2008, which, upon an order of the same court (Feinman, J.), entered March 13, 2008, granting the defendant's motion to dismiss the complaint, is in favor of the defendant and against her, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiff's contention, the defendant, Town of Hempstead, was not prohibited by General Municipal Law § 50-e (4) from requiring prior written notice of defects in a paved bike path over which the public has a general right of passage, which is the functional equivalent of a sidewalk or highway (*see Scoville v Town of Amherst*, 277 AD2d 1038, 1039 [2000]; *Bacon v Mussaw*, 167 AD2d 741, 744 [1990]; *Schneid v City of White Plains*, 150 AD2d 549 [1989]; *cf. Walker v Town of Hempstead*, 84 NY2d 360 [1994]; *Quackenbush v City of Buffalo*, 43 AD3d 1386, 1388 [2007]). Accordingly, since it is undisputed that the Town did not have prior written notice of the defect alleged by the plaintiff, the Supreme Court properly dismissed the complaint (*see* Code of Town of Hempstead §§ 6-1, 6-3; Town Law § 65-a [2]). Skelos, J.P., Santucci, Belen and Hall, JJ., concur.