RICHARD SAGGIO et al., Appellants, v TOWN OF ISLIP et al., Defendants, and LONG ISLAND BUSINESS AND TECHNOLOGY CENTER, Respondent. [910 NYS2d 665]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated June 29, 2009, as granted that branch of the motion of the defendant Long Island Business and Technology Center which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff allegedly fell after his right shoelace became caught in a wire protruding from the bottom of a fence which was owned by the defendant Long Island Business and Technology Center (hereinafter the defendant). The fence was located on a grassy ground and abutted crowded ball fields that the injured plaintiff was attempting to exit. The defendant established its entitlement to judgment as a matter of law by demonstrating that it did not create or have actual or constructive notice of the alleged defect which caused the injured plaintiff to fall (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Green v City of New York*, 34 AD3d 528, 529 [2006]; *Crawford v AMF Bowling Ctrs., Inc.*, 18 AD3d 798, 799 [2005]; *Paolucci v First Natl. Supermarket Co.*, 178 AD2d 636 [1991]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Chambers, Austin and Sgroi, JJ., concur.