■ CHARLES SEELINGER et al., Appellants, v TOWN OF MIDDLETOWN, Respondent. [913 NYS2d 376]—

---

Egan Jr., J. Appeal from an order of the Supreme Court (Reynolds Fitzgerald, J.), entered September 9, 2009 in Delaware County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.

Desiring to dispose of three old wall heaters, each of which weighed several hundred pounds, plaintiff Charles Seelinger (hereinafter plaintiff) and a friend loaded them into a pickup truck and drove to defendant's waste transfer station where they were directed by an employee to place them in a dumpster, which sat in a below-grade pit. After backing up to a short curb-like abutment that surrounded the pit, plaintiff and his friend slid the first heater off the back of the truck, causing it to drop into the dumpster. As plaintiff and his friend were in the process of unloading the second heater, plaintiff fell into the pit between the concrete abutment and the dumpster, sustaining injuries.

Plaintiff and his wife, derivatively, commenced this action against defendant alleging that plaintiff's injuries were caused by the negligence of defendant in maintaining the concrete abutment that surrounded the pit. Following joinder of issue, but prior to discovery, defendant moved for summary judgment dismissing the complaint contending, among other things, that it had no prior written notice of any alleged defect as required by both Town Law § 65-a and Local Law No. 1 (2004) of Town of Middletown, plaintiffs failed to raise an issue of fact as to defendant's alleged affirmative negligence, and plaintiff is unable to identify the cause of his fall. Plaintiffs thereafter cross-moved for leave to file an amended complaint. Supreme Court granted defendant's motion and denied plaintiffs' cross motion. Plaintiffs now appeal.

Turning first to the prior written notice issue, "a plaintiff may not bring a civil action against a municipality for damages as the result of an injury sustained by reason of a defective street, highway, bridge, culvert, sidewalk or crosswalk unless prior written notice of the allegedly defective condition has been given" (*Smith v Village of Hancock*, 25 AD3d 975, 975 [2006]; *see* General Municipal Law § 50-e [4]; Town Law § 65-a). Since

defendant asserts that it received no prior written notice of a defective condition at the site of plaintiff's fall, and plaintiff does not allege that he gave such notice, the operative question becomes whether defendant's waste transfer station falls within the category of locations envisioned by Town Law § 65-a.

The prior written notice requirement of Town Law § 65-a extends not only to those named sites, but also to "any site that shares the same 'functional purpose' as the types of areas explicitly enumerated" (*Smith v Village of Hancock*, 25 AD3d at 976). Defendant argued, and Supreme Court accepted, that the waste transfer site was a parking lot that, in turn, was a highway within the meaning of Town Law § 65-a.

While we agree that it is well established that a municipal parking lot may be considered a "highway" for the purposes of General Municipal Law § 50-e (*see Smith v Village of Hancock*, 25 AD3d at 976; *Lauria v City of New Rochelle*, 225 AD2d 1013, 1014 [1996]), whether a given municipal property is a parking lot in the first place will depend on a fact-based inquiry into its individual characteristics (*see generally Smith v Village of Hancock*, 25 AD3d at 976-977; *Staudinger v Village of Granville*, 304 AD2d 929, 929-930 [2003]). The affidavit of the Town Clerk submitted in support of defendant's motion simply confirmed that no prior written notice of a defective condition had been received by his office for this site, and no other affidavit or proof was submitted by defendant concerning the physical layout or characteristics of the site to allow Supreme Court to properly determine whether it functionally served the same purpose as a parking lot. Accordingly, we find that Supreme Court erred in finding, as a matter of law, that the transfer station where plaintiff fell was itself a parking lot.

We further find that Supreme Court erred in granting defendant's motion for summary judgment based on plaintiff's inability to identify the cause of his fall. Although "[m]ere conclusions based upon surmise, conjecture, speculation or assertions are without probative value" (*Maiorano v Price Chopper Operating Co.*, 221 AD2d 698, 699 [1995]; *see Smith v J.B.H., Inc.*, 300 AD2d 874, 875 [2002]; *Dapp v Larson*, 240 AD2d 918, 919 [1997]), a case of negligence based wholly on circumstantial evidence may be established if the plaintiffs " 'show[ ] facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred' " (*Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743, 744 [1986], quoting *Ingersoll v Liberty Bank of Buffalo*, 278 NY 1, 7 [1938]; *see Timmins v Benjamin*, 77 AD3d 1254, 1256 [2010]; *DiBartolomeo v St. Peter's Hosp. of the City of Albany*,

73 AD3d 1326, 1327 [2010]). Here, while there were no witnesses to the accident and plaintiff testified that he did not know what caused him to fall, in an affidavit submitted in opposition to defendant's motion, plaintiff clarifies, not inconsistent with his prior General Municipal Law § 50-h testimony (*see O'Leary v Saugerties Cent. School Dist.*, 277 AD2d 662, 663 [2000]), that prior to the fall, he was standing next to the broken concrete abutment. After he fell, plaintiff landed between the concrete abutment and the dumpster "at the exact area where the concrete wall was broken and missing." Photographs of the concrete abutment depict a broken and deteriorated condition where plaintiff would have been standing. From this evidence, a jury could logically infer that plaintiff fell because of the broken condition of the concrete abutment, and his failure to identify the cause of his fall was not fatal to his claim (*see Timmins v Benjamin*, 77 AD3d at 1256; *Macri v Smith*, 12 AD3d 896, 897-898 [2004]). Finally, in light of our determination, plaintiffs' cross motion seeking leave to amend the complaint is not moot, and we therefore remit the matter to Supreme Court for a determination on said cross motion (*see Ruthosky v John Deere Co.*, 235 AD2d 620, 623 [1997]).

Mercure, J.P., Peters, Rose and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted defendant's motion for summary judgment; said motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.