■ Timothy Gill, Respondent, v Town of North Hempstead, Appellant, et al., Defendants. [921 NYS2d 135]—

In an action to recover damages for personal injuries, the defendant Town of North Hempstead appeals from so much of an order of the Supreme Court, Nassau County (Martin, J.), entered December 23, 2009, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Town of North Hempstead which was for summary judgment dismissing the complaint insofar as asserted against it is granted.

On May 14, 2007, the plaintiff allegedly was injured while watching his son play baseball at the Sagamore Avenue Ballfield, in Mineola (hereinafter the ballfield), which was maintained by the defendant Town of North Hempstead, when he stepped into a hole containing a water main valve. The plaintiff alleged that the cover to the water main was unsecured and either slid off when he stepped on it or was not covering the hole completely.

To demonstrate prima facie entitlement to judgment as a matter of law in a slip-and-fall case, a defendant must establish that it did not create the condition that allegedly caused the fall or have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it (*see Molloy v Waldbaum, Inc.*, 72 AD3d 659 [2010]; *Gradwohl v Stop & Shop Supermarket Co., LLC*, 70 AD3d 634, 636 [2010]; *Starling v Suffolk County Water Auth.*, 63 AD3d 822, 823 [2009]).

Here, the Supreme Court improperly determined that the Town failed to meet its burden of establishing its prima facie entitlement to judgment as a matter of law (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Starling v Suffolk County Water Auth.*, 63 AD3d 822 [2009]; *Iannuzzi v Town of Wallkill*, 54 AD3d 812, 813 [2008]; *Applegate v Long Is. Power Auth.*, 53 AD3d 515, 516 [2008]; *see also Byrd v State of New York*, 206 AD2d 449, 450 [1994]). In support of its motion, the Town submitted copies of its records, in addition to deposition testimony and an affidavit from one of its

groundskeepers, establishing that the Town's employees performed maintenance at the ballfield on the morning of May 14, 2007, the date of the accident, in the area where the accident occurred, and did not either create or observe the condition that allegedly caused the plaintiff's fall later that day. Therefore, the Town established, prima facie, that the alleged dangerous condition did not exist at the time that its groundskeeper was at the ballfield on the morning of the plaintiff's accident. In addition, the Town submitted an affidavit from Gerard R. Olsen, the Commissioner of its Department of Parks and Recreation, establishing that the Town received no complaints concerning the ballfield for the three-year period preceding the accident. Accordingly, the Town established its prima facie entitlement to judgment as a matter of law since it did not create or have actual or constructive notice of the alleged dangerous condition (*see Saggio v Town of Islip*, 78 AD3d 922 [2010]; *Starling v Suffolk County Water Auth.*, 63 AD3d at 822; *Iannuzzi v Town of Wallkill*, 54 AD3d at 813; *Applegate v Long Is. Power Auth.*, 53 AD3d at 516; *see also Byrd v State of New York*, 206 AD2d at 450).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the Town created or had actual or constructive notice of the condition that caused his fall (*see Saggio v Town of Islip*, 78 AD3d at 922; *Starling v Suffolk County Water Auth.*, 63 AD3d at 822; *Iannuzzi v Town of Wallkill*, 54 AD3d at 813; *Applegate v Long Is. Power Auth.*, 53 AD3d at 516).

Accordingly, the Supreme Court improperly denied that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Skelos, J.P., Covello, Balkin and Austin, JJ., concur. **[Prior Case History: 2009 NY Slip Op 33152(U).]**