CARLO I. GIARRAFFA, JR., Respondent, v TOWN OF BABYLON, Appellant. [923 NYS2d 697]—

In an action to recover damages for personal injuries, the defendant Town of Babylon appeals from an order of the Supreme Court, Suffolk County (Mayer, J.), dated June 21, 2010, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when he stepped into what he described as a dirt-covered sinkhole immediately adjacent to the bulkhead for a slip where his boat was moored in Tanner Park, in the Town of Babylon. The defendant Town moved for summary judgment dismissing the complaint, principally on the ground that it had no prior written notice of the subject defect as required by Code of the Town of Babylon § 158-2, pertaining to sidewalk defects. The Supreme Court denied the motion, concluding that prior written notice of the defect was required, but that Code of the Town of Babylon § 158-2 had been satisfied. We affirm, but on a different ground from that relied upon by the Supreme Court.

Contrary to the Supreme Court's determination, a letter addressed to the Town Supervisor regarding an "erosion problem" in the area of the boat slips in Tanner Park was insufficient to constitute the required prior written notice under Code of the Town of Babylon § 158-2, as that ordinance specifically requires that notice be given to the Town Clerk or the Commissioner of the Department of Public Works (see Gorman v Town of Huntington, 12 NY3d 275, 279 [2009]; Kiszenik v Town of Huntington, 70 AD3d 1007 [2010]).

Nonetheless, the Town failed to demonstrate its prima facie entitlement to judgment as a matter of law because it did not show that the area where the plaintiff fell was within the scope of the applicable prior written notice provisions (see Code of Town of Babylon §§ 158-1, 158-2; Town Law § 65-a). Contrary to the Town's contention, the dirt-covered area providing access

to boats moored at the slips within Tanner Park is neither a boardwalk nor other functional equivalent of a sidewalk (*see Selca v City of Peekskill*, 78 AD3d 1160, 1160-1161 [2010] [floating dock was not a sidewalk, highway or pathway]; *see also Iannuzzi v Town of Wallkill*, 54 AD3d 812, 813 [2008] [unpaved dirt path in a public park did not constitute a sidewalk within the meaning of prior written notice law]; *Davis v County of Nassau*, 166 AD2d 498, 498 [1990] ["path in a park" did not constitute a sidewalk]; *see generally Walker v Town of Hempstead*, 84 NY2d 360, 367-368 [1994]; *cf. Ferris v County of Suffolk*, 174 AD2d 70, 72 [1992]; *Mullen v Town of Hempstead*, 66 AD3d 745 [2009]), nor is it "integrated with, or serv[ing] as part of, a connected standard sidewalk" (*Woodson v City of New York*, 93 NY2d 936, 937 [1999]) and, as such, no prior written notice was required. We note that the Town did not argue before the Supreme Court or in its appellate brief that the area in which the plaintiff fell, which is fenced off from an adjacent parking lot, was part of the parking lot (*cf. Groninger v Village of Mamaroneck*, 67 AD3d 733 [2009]). Since the Town did not meet its prima facie burden of demonstrating the applicability of the prior written notice law, the Town was not entitled to summary judgment on this ground regardless of the sufficiency of the opposition papers (*see Hornbeck v Village of Tarrytown*, 55 AD3d 674, 674-675 [2008]). Rivera, J.P., Skelos, Sgroi and Miller, JJ., concur.