■ BETTY ANN CIESZYNSKI, Respondent, v TOWN OF CLIFTON PARK, Appellant, et al., Defendant. [2 NYS3d 243]—

Egan Jr., J. Appeal from an order of the Supreme Court (Crowell, J.), entered June 7, 2013 in Saratoga County, which denied a motion by defendant Town of Clifton Park for summary judgment dismissing the complaint against it.

At approximately 5:45 p.m. on November 26, 2011, plaintiff and her son were walking in an easterly direction along the southern edge of Old Route 146 in the Town of Clifton Park, Saratoga County. Prior to reaching the intersection of Old Route 146 and Plank Road, plaintiff and her son cut across a grassy area to access a shopping plaza parking lot owned by defendant Northway 9 Plaza Associates. While traversing this grassy area, plaintiff allegedly tripped over a piece of metal rebar that was protruding from the ground, causing her to fall and sustain various injuries.

Shortly after her accident, plaintiff served a notice of claim upon defendant Town of Clifton Park and, following a General Municipal Law § 50-h hearing, commenced this negligence action against defendants. Following joinder of issue, the Town moved for summary judgment dismissing the complaint against it, contending that plaintiff had failed to provide prior written notice of the alleged defect as required by Code of the Town of Clifton Park § 176-1 (A). Supreme Court denied the Town's motion, and this appeal ensued.*

We affirm. Where, as here, a municipality has enacted a prior written notice provision (*see* Code of the Town of Clifton Park § 176-1 [A]), "a plaintiff may not bring a civil action against [the] municipality for damages as the result of an injury sustained by reason of a defective street, highway, bridge, culvert, sidewalk or crosswalk unless prior written notice of the allegedly defective condition has been given" (*Smith v Village of Hancock*, 25 AD3d 975, 975 [2006]; *accord Seelinger v Town of Middletown*, 79 AD3d 1227, 1228 [2010]; *Westbrook v Village of Endicott*, 67 AD3d 1319, 1319 [2009]). Hence, in order to prevail upon its motion for summary judgment dismissing the complaint, the Town was required to establish as a matter of law that the grassy area in question constituted—insofar as is relevant here—either a highway, a sidewalk or a site that serves the same "functional purpose" as a highway or sidewalk (*Smith v Village of Hancock*, 25 AD3d at 976 [internal quotation marks

---

* Northway 9 Plaza Associates took no position as to the underlying motion and is not participating in the instant appeal.

and citation omitted]; *accord Groninger v Village of Mamaroneck*, 17 NY3d 125, 129 [2011]; *Seelinger v Town of Middletown*, 79 AD3d at 1229) and that the prior written notice required by the Town's ordinance was not provided. To our analysis, the Town failed to demonstrate that the grassy area fell within the scope of the ordinance in the first instance; accordingly, no prior written notice was required, and the Town's motion was properly denied.

To be sure, a highway "encompasses the associated shoulders, guardrails, embankments, retaining walls and culverts" (*Matson v Town of Milton*, 252 AD2d 919, 921 [1998]; *see* Highway Law § 2 [4]; *Gutierrez v Town of Ramapo*, 210 AD2d 636, 636-637 [1994]). As relevant here, whether the land adjacent to a highway is paved or otherwise improved does not determine its status as a shoulder; rather, the inquiry is whether the area in question creates "a general right of passage for the traveling public" (*Gutierrez v Town of Ramapo*, 210 AD2d at 637). Here, the Town failed to establish that the grassy area where plaintiff fell was designed or intended to provide a general right of passage; further, it is readily apparent from the photographs contained in the record on appeal that the grassy area where plaintiff's accident occurred is too far removed from the edge of Old Route 146 to be considered an adjacent shoulder or to otherwise fall within the definition of a highway (*see Staudinger v Village of Granville*, 304 AD2d 929, 929-930 [2003]).

We reach a similar conclusion with respect to whether the grassy area may be deemed to fall within the definition of a sidewalk. In this regard, "a grass strip between the sidewalk and the pavement of the road [indeed] is part of the sidewalk" (*Castiglione v Village of Ellenville*, 291 AD2d 769, 770 [2002], *lv denied* 98 NY2d 604 [2002]; *see* Vehicle and Traffic Law § 144; *Pulver v City of Fulton Dept. of Pub. Works*, 113 AD3d 1066, 1066 [2014]; *Malone v Town of Southold*, 303 AD2d 651, 652 [2003]; *cf. Oliveri v Village of Greenport*, 93 AD3d 773, 773-774 [2012]). Here, however, the grassy area depicted in the relevant photographs does not lie between a sidewalk and a roadway and, contrary to the Town's contention, the mere fact that plaintiff and her son were traversing the grassy area to access the nearby parking lot (owned by Northway 9 Associates) does not render this area the functional equivalent of a sidewalk (*see Iannuzzi v Town of Wallkill*, 54 AD3d 812, 813 [2008] [dirt path in a public park is not a sidewalk]; *Quackenbush v City of Buffalo*, 43 AD3d 1386, 1388 [2007] [unimproved trail or path is not the functional equivalent of a sidewalk]; *compare Mullen v Town of Hempstead*, 66 AD3d 745, 746 [2009], *lv denied* 13

NY3d 717 [2010] [paved bike path providing a general right of passage for the public is the functional equivalent of a sidewalk or highway]).

In short, the record makes clear that the grassy area at issue here cannot be considered to be a highway, a sidewalk or the functional equivalent thereof. As such area does not fall within the scope of the Town's ordinance, no prior written notice was required and, therefore, the Town's motion for summary judgment dismissing the complaint against it was properly denied (*see Giarraffa v Town of Babylon*, 84 AD3d 1162, 1162-1163 [2011]; *Smith v Village of Hancock*, 25 AD3d at 976-977).

Peters, P.J., Lahtinen, Garry and Rose, JJ., concur. Ordered that the order is affirmed, with costs.