# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**410**

**CA 16-01611**

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

LINZY FANCETT, AN INFANT UNDER THE AGE OF 14
YEARS, BY AND THROUGH HER MOTHER AND NATURAL
GUARDIAN SUSAN KUHN AND SUSAN KUHN, INDIVIDUALLY,
PLAINTIFFS-RESPONDENTS,

V                                        MEMORANDUM AND ORDER

CITY OF SYRACUSE, DEFENDANT-APPELLANT.

---

JOSEPH FAHEY, INTERIM CORPORATION COUNSEL, SYRACUSE (JOHN A. SICKINGER OF COUNSEL), FOR DEFENDANT-APPELLANT.

LYNN LAW FIRM, LLP, SYRACUSE (PATRICIA A. LYNN-FORD OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

-----------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered April 22, 2016. The order denied the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking to recover damages for injuries allegedly sustained by the infant plaintiff when her foot went through a gap between two sections of a steel grate covering a debris basin. Defendant moved for summary judgment dismissing the complaint on the ground that the grate and debris basin were part of a culvert on a City street, and the prior written notice of the defect required by Syracuse City Charter § 8-115 (1) was not provided with respect thereto. We conclude that Supreme Court properly denied the motion, but our reasoning differs from that of the court.

To meet its initial burden on the motion, defendant was required to establish as a matter of law that the debris basin was indeed a culvert or part of a City street for purposes of the prior written notice requirement (*see generally Staudinger v Village of Granville*, 304 AD2d 929, 929). We conclude that defendant failed to meet that burden (*cf. Duffel v City of Syracuse*, 103 AD3d 1235, 1235; *Hall v City of Syracuse*, 275 AD2d 1022, 1023). Here, the debris basin is not a culvert (*see Sobotka v Zimmerman*, 48 AD3d 1260, 1261). With respect to whether the debris basin was situated in a street for the purposes of the prior written notice requirement, we conclude that defendant failed to submit evidence establishing the precise location of the

debris basin.  Thus, in the absence of a metes and bounds description of the nearby streets, a survey map, or any instruments of conveyance establishing the boundaries of the City streets, defendant failed to establish that the debris basin was situated in a City street for the purposes of the prior written notice requirement (*see Staudinger*, 304 AD2d at 929).

Entered:  March 31, 2017                    Frances E. Cafarell
                                            Clerk of the Court