O'Hara v City of Buffalo (2022 NY Slip Op 07331)

O'Hara v City of Buffalo

2022 NY Slip Op 07331

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, BANNISTER, AND MONTOUR, JJ.

771 CA 22-00101

[*1]COLLEEN O'HARA AND ROBERT O'HARA, PLAINTIFFS-RESPONDENTS,
v
CITY OF BUFFALO, DEFENDANT-APPELLANT. 

CAVETTE A. CHAMBERS, CORPORATION COUNSEL, BUFFALO (DANIEL J. MUSCARELLA OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (RICHARD A. GRIMM, III, OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered January 19, 2022. The order denied the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries that Colleen O'Hara (plaintiff) allegedly sustained when she stepped in a hole while walking on a lawn in a public park located within defendant, City of Buffalo. Defendant appeals from an order denying its motion for summary judgment dismissing the complaint. We affirm.
Defendant sought summary judgment dismissing the complaint on the ground that it did not receive prior written notice of the allegedly dangerous condition that caused plaintiff's injuries. It is well settled that a "municipality that has adopted a 'prior written notice law' cannot be held liable for a defect within the scope of the law absent the requisite written notice" (Albano v Suffolk County Community Coll., 66 AD3d 719, 719 [2d Dept 2009]), and Charter of the City of Buffalo § 21-2 provides that "[n]o civil action shall be maintained against the city for damage or injuries to person or property sustained in consequence of any street, part or portion of any street including the curb thereof and any encumbrances thereon or attachments thereto, tree, bridge, viaduct, underpass, culvert, parkway or park approach, sidewalk or crosswalk, pedestrian walk or path, or traffic-control sign or signal, being defective, out of repair, unsafe, dangerous or obstructed" unless defendant received prior written notice of the allegedly dangerous condition. Nevertheless, it is also well settled that " '[p]rior written notice provisions, enacted in derogation of common law, are always strictly construed' " (Gorman v Town of Huntington, 12 NY3d 275, 279 [2009], quoting Poirier v City of Schenectady, 85 NY2d 310, 313 [1995]; see Horst v City of Syracuse, 191 AD3d 1297, 1300 [4th Dept 2021]). Thus, in support of its motion, defendant was required to establish that the area where the accident occurred is within the purview of the statute (see generally Pulver v City of Fulton Dept. of Pub. Works, 113 AD3d 1066, 1066 [4th Dept 2014]).
Here, the evidence defendant submitted in support of its motion failed to establish that the alleged defect that caused plaintiff's injury was located within any of the areas enumerated in Charter of the City of Buffalo § 21-2. We therefore conclude that defendant "failed to demonstrate its prima facie entitlement to judgment as a matter of law because it did not show that the area where the plaintiff fell was within the scope of the applicable prior written notice provisions" (Giarraffa v Town of Babylon, 84 AD3d 1162, 1162 [2d Dept 2011]; see Cieszynski v Town of Clifton Park, 124 AD3d 1039, 1040-1041 [3d Dept 2015]; see generally Davis v County of Nassau, 166 AD2d 498, 498 [2d Dept 1990]). Consequently, the motion was properly denied "regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. [*2]Ctr., 64 NY2d 851, 853 [1985]).
Finally, defendant's contention that it is entitled to summary judgment because it lacked actual or constructive notice of the allegedly dangerous condition is not properly before us because it is raised for the first time on appeal (see Matter of Schmidt v City of Buffalo Planning Bd., 174 AD3d 1413, 1414-1415 [4th Dept 2019]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court