Pellett v Town of Milton (2024 NY Slip Op 03367)

Pellett v Town of Milton

2024 NY Slip Op 03367

Decided on June 20, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 20, 2024

CV-23-0737
[*1]Kathryn D. Pellett et al., Appellants,
v
Town of Milton, Respondent.

Calendar Date:April 29, 2024

Before:Garry, P.J., Egan Jr., Clark, Lynch and Mackey, JJ.

Harding Mazzotti, LLP, Albany (Peter P. Balouskas of counsel), for appellants.
Camacho Mauro, LLP, New York City (Anthony J. Buono of counsel), for respondent.

Egan Jr., J.
Appeal from an order of the Supreme Court (Dianne N. Freestone, J.), entered April 20, 2023 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.
Shortly before 6:00 p.m. on January 25, 2019, plaintiff Kathryn D. Pellett and her family arrived at the Milton Community Center, which is owned and maintained by defendant, for an event. As they were walking from their vehicle to the entrance of the building, Pellett slipped and fell on ice in the parking lot and broke her leg. Pellett and her spouse, derivatively, commenced this negligence action in February 2020. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint upon the ground that it had not received prior written notice of the icy condition as required by Chapter 119 of the Code of the Town of Milton and Town Law § 65-a. Supreme Court granted the motion, and plaintiffs now appeal.
We affirm. Pursuant to the town code and Town Law § 65-a, "plaintiff[s] may not bring a civil action against [defendant] for damages as the result of an injury sustained by reason of a defective street, highway, bridge, culvert, sidewalk or crosswalk unless prior written notice of the allegedly defective condition has been given" (Smith v Village of Hancock, 25 AD3d 975, 975 [3d Dept 2006] [citations omitted]; see Clute v Town of Lisle, 225 AD3d 1042, 1042 [3d Dept 2024]; Serba v Town of Glenville, 223 AD3d 1007, 1008 [3d Dept 2024]). The prior written notice rule includes snow and ice hazards in areas such as municipal parking lots, which are the functional equivalents of highways (see Seelinger v Town of Middletown, 79 AD3d 1227, 1229 [3d Dept 2010]; Smith v Village of Hancock, 25 AD3d at 976). No action "for damages or injuries to person or property sustained solely in consequence of the existence of snow or ice" in the parking lot at issue here may therefore be maintained "unless written notice thereof, specifying the particular place, was actually given to the town clerk or town superintendent of highways" and there was a failure to remedy the situation within a reasonable time thereafter (Town Law § 65-a [1]; see Code of the Town of Milton § 119-1).
Defendant came forward with proof that neither its town clerk nor its highway superintendent had been given prior written notice of the icy condition that caused Pellett's fall. Plaintiffs argue that the proof regarding the lack of notice to the highway superintendent — specifically, an affidavit authored by him — must be disregarded because it was not submitted with the initial motion papers. We do not agree. The highway superintendent's affidavit was referenced in the initial motion papers but, due to an apparent oversight, was not prepared and included with them. Following a conference at which the absence of the affidavit was discussed, Supreme Court issued a letter order allowing defendant to provide the affidavit and affording plaintiffs approximately two weeks after [*2]its receipt to submit additional papers in opposition.[FN1] Supreme Court was empowered to extend the time in which to serve that affidavit and, in view of the circumstances and the lack of any indication that plaintiffs were prejudiced by the delay, we perceive no abuse of discretion in its decision to do so here (see CPLR 2004, 2214 [c]; Wilcox v Newark Val. Cent. Sch. Dist., 107 AD3d 1127, 1130 [3d Dept 2013]). As such, the proof submitted by defendant satisfied its initial burden of showing that it had not received prior written notice of the icy condition as required (see Clute v Town of Lisle, 225 AD3d at 1043; Serba v Town of Glenville, 223 AD3d at 1009), shifting the burden to plaintiffs to "demonstrat[e] either that a question of fact existed in that regard or that" an exception to the prior written notice rule applied (Groninger v Village of Mamaroneck, 17 NY3d 125, 129 [2011]).
Plaintiffs attempted to do so by arguing that this case fell within an exception to the prior written notice rule, as defendant had affirmatively created the recurring ice condition that caused Pellett's fall by designing the community center and its surroundings many years earlier in a manner that caused water melting from the snow on its roof to flow over the adjacent ground onto the parking lot and refreeze when temperatures fell. Although an exception to the prior written notice rule indeed exists where "the locality created the defect or hazard through an affirmative act of negligence" (Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]), it is well settled that such exception is "limited to work by the [municipality] that immediately results in the existence of a dangerous condition" (Bielecki v City of New York, 14 AD3d 301, 301 [1st Dept 2005]; see Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Oboler v City of New York, 8 NY3d 888, 889-890 [2007]). In other words, the exception will not apply to ice conditions unless the municipality acts in a manner that immediately creates those conditions or engages in behavior, such as removing snow in a manner that creates piles of snow, which carries the "foreseeable, indeed known, risk of melting and refreezing" that will cause ice to develop (San Marco v Village/Town of Mount Kisco, 16 NY3d 111, 117 [2010]; see D'Antuono v Village of Saugerties, 101 AD3d 1331, 1331 [3d Dept 2012]; Urban v City of Albany, 90 AD3d 1132, 1133-1134 [3d Dept 2011], lv dismissed 18 NY3d 921 [2012]). The allegedly defective design of a building constructed decades earlier falls into neither category and, particularly given the lack of any indication that defendant had previously been alerted to a recurring ice problem caused by that design, to hold otherwise would cause "the exception to the notice requirement [to] swallow up the requirement itself" (Bielecki v City of New York, 14 AD3d at 302). Thus, plaintiffs having failed to demonstrate that an exception to the prior written notice rule applies, Supreme Court properly granted [*3]defendant's motion for summary judgment.
Garry, P.J., Clark, Lynch and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Plaintiffs make much of the fact that the highway superintendent's affidavit was e-filed on October 12, 2022, one day after the October 11, 2022 deadline set by the letter order. It appears that such may have been a typographical error in the letter order, however, as Supreme Court described in the order on appeal how the conference resulting in the letter order occurred on October 11 but that the actual deadline for submitting the affidavit was October 12.