■ G. R. LEWIS CONSTRUCTION, INC., Plaintiff, v VICTOR R. GUSH et al., Doing Business as V. G. ENTERPRISES, Defendants. (Action No. 1.) VICTOR R. GUSH et al., Doing Business as V. G. ENTERPRISES, Plaintiffs, v C. T. MALE ASSOCIATES, P. C., Defendant and Third-Party Plaintiff-Respondent; NIAGARA MOHAWK

POWER CORPORATION et al., Third-Party Defendants-Respondents, and TOWN OF WATERFORD, Third-Party Defendant-Appellant. (Action No. 2.) — Main, J.

Plaintiffs in action No. 2 planned to develop a residential subdivision to be known as Highland Hills North located in the Town of Waterford, Saratoga County. Plaintiffs hired C. T. Male Associates, P. C. (hereinafter Male) to perform engineering and surveying for the roadwork in Highland Hills North, and Male hired G. R. Lewis Construction, Inc. (hereinafter Lewis) to do the construction and installation of the roads. Male apparently prepared plans, specifications and a map of the subdivision, all of which were approved by the Town, and was to certify to plaintiffs that work was done substantially in conformance with the plans and specifications.

After Lewis substantially completed the roadwork, Male certified that the work had been performed in accordance with the specifications and recommended that Lewis be paid. Plaintiffs paid Lewis[*] and tendered to the town offers of dedication and deeds to the roads, but the town refused to accept the roads because they did not conform to town highway specifications. Thereafter, plaintiffs commenced action No. 2 against Male, alleging that Male knew or should have known that the roads were not constructed in conformance with the town highway specifications. Male then commenced third-party actions against, *inter alia,* the town, alleging that the damages sustained by plaintiffs were caused by the town's negligence. The town claims that it owed no special duty to plaintiffs and, therefore, cannot be held liable.

The town moved for summary judgment dismissing Male's third-party complaint as against it, but Special Term (Mercure, J.) denied the motion "without prejudice to renewal upon completion of examinations before trial of the parties". Thereafter, before a different Special Term Justice (Graves, J.), the town again moved for summary judgment and, as before, the motion was denied "without prejudice to further motion at a later date". From the order entered thereon, the town appeals.

We have recently reiterated that multiple summary judgment motions in the same action should be discouraged in the absence of newly discovered evidence or other sufficient cause (*see, e.g.,*

---

[*] Action No. 1 apparently concerns whether this payment was sufficient for the work performed by Lewis.

*La Freniere v Capital Dist. Transp. Auth.,* 105 AD2d 517, 518). Moreover, making a second summary judgment motion before a different Supreme Court Justice runs afoul of the proscription of CPLR 2221 (*supra; Marine Midland Bank v Fisher,* 85 AD2d 905, 906; Siegel, 1974 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:21, 1970-1984 Supp Pamph, p 166). The second summary judgment motion should have been considered as a motion to reargue or renew and transferred to the Justice who heard the first motion (*La Freniere v Capital Dist. Transp. Auth., supra*). Indeed, the first Justice specifically denied the motion "without prejudice to *renew*" (emphasis supplied). The failure to so transfer the motion requires affirmance of the order denying the town's motion for summary judgment, but this affirmance should not be read as precluding renewal of the summary judgment motion before the Special Term Justice who heard the initial motion.

Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.