■ Diedre Silverman, an Infant, by Her Mother and Natural Guardian, Terry Ragan, et al., Respondents, v Arrow Linen Supply Co., Inc., Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Ramirez, J.), dated March 6, 1986, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

The infant plaintiff was injured while a passenger in a van owned by the defendant and operated by one of its employees. The employee died in the accident.

The defendant sought summary judgment claiming that the employee had no permission or authority to operate the van for any purpose and so the defendant had no liability to the plaintiffs pursuant to Vehicle and Traffic Law § 388 (1), the presumption of consensual operation having been rebutted.

There have been no examinations before trial and no proof in admissible form has been presented that the employee stole the van.

The defendant, by affidavits of its president, general man-

ager and other employees, claims that there is an express company policy prohibiting any employee from personal use of company-owned vehicles and that the particular employee, a route driver's helper, was prohibited from operating a company-owned vehicle for any purpose. The defendant averred it had no knowledge of any consent being given to this particular employee to operate the van at the time of the accident. The employee's lack of permission, if believed, would be fatal to the plaintiffs' claims.

Under the circumstances of this case, summary judgment is premature. The facts underlying the defendant's claim are solely within the knowledge of the defendant and as such, cannot be the basis of summary judgment on the defendant's affidavits (see, Krupp v Aetna Life & Cas. Co., 103 AD2d 252, 262). Mangano, J. P., Thompson, Kunzeman and Sullivan, JJ., concur.