■ EFDEY ELECTRICAL CONTRACTORS, INC., Respondent, v ANTHONY MELITA, JR., et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Third-Party Plaintiff, et al., Third-Party Defendants.—In an action to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hentel, J.), entered June 6, 1989, as granted the plaintiff's cross motion for summary judgment dismissing the defendants' counterclaim, and denied that branch of the motion of the defendant, Anthony Melita, Jr., which was for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Anthony Melita, Jr., made a prior motion for summary judgment in 1986, which was denied as premature since there had yet to be any discovery. In his second motion, *inter alia,* for summary judgment, Mr. Melita merely resubmitted the same evidence as was submitted on the prior motion, and there has yet to be any further discovery. As a general rule, "[m]ultiple summary judgment motions in the same action should be discouraged in the absence of a showing of newly discovered evidence or other sufficient cause" *(La Freniere v Capital Dist. Transp. Auth.,* 105 AD2d 517, 518; *see also, Lewis Constr. v Gush,* 110 AD2d 1017). Moreover, "summary judgment is not justified where there are likely to be defenses that depend upon knowledge in the possession of the party moving for judgment, which might well be disclosed by cross-examination or examination before trial" *(Terranova v Emil,* 20 NY2d 493, 497; *see also, Procter & Gamble Distrib. Co. v Lawrence Am. Field Warehousing Corp.,* 16 NY2d 344, 362; CPLR 3212 [f]). Thus, summary judgment was properly denied.

We also find that the defendants' counterclaim was properly

dismissed. As the counterclaim sought judgment over against the plaintiff in the event the defendants were liable to a different plaintiff in a currently pending New Jersey action, it was contingent, and therefore, did not allege a viable cause of action (see, Felhaber Corp. & Horn Constr. Co. v State of New York, 69 AD2d 362, 374). Further, even if the counterclaim were to be construed as a request for a declaratory judgment, it would still not state a valid cause of action (see, Cuomo v Long Is. Light. Co., 71 NY2d 349; American Ins. Assn. v Chu, 64 NY2d 379, 386, cert denied 474 US 803; New York Pub. Interest Research Group v Carey, 42 NY2d 527; Tri-State Sol-Aire Corp. v County of Nassau, 156 AD2d 555). Thompson, J. P., Brown, Kunzeman and Eiber, JJ., concur.