■ FRED BROWN, Appellant, v COUNTY OF NASSAU et al., Respondents, et al., Defendants. [641 NYS2d 554] —In an action to recover damages for personal injuries and wrongful death, the plaintiff appeals, (1) as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Molloy, J.), dated February 21, 1995, as (a) granted the motion by the defendant JWP Welsbach Electric Corp., L.I., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (b) granted the cross motion of the defendant County of Nassau for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (2) from a judgment of the same court, entered October 18, 1995, which dismissed the complaint and all cross claims insofar as asserted against the defendants JWP Welsbach Electric Corp., L.I., and County of Nassau and severed the action as to those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law and the facts, so much of the order dated February 21, 1995, as granted the motion by JWP Welsbach Electric Corp., L.I., and the cross motion by the County of Nassau is vacated, the motion and cross motion of the respondents are denied, and the complaint is reinstated as against the respondents; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

We agree with the plaintiff that the award of summary judgment in favor of the respondents was premature under the circumstances of this case, inasmuch as substantial discovery in the action remains outstanding (see, CPLR 3212 [f]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494; Yu v Forero, 184 AD2d 506; Efdey Elec. Contrs. v Melita, 167 AD2d 501; Smith v City of New York, 133 AD2d 818). Accordingly, the complaint is reinstated against the respondents. Balletta, J. P., Sullivan, Santucci and Altman, JJ., concur.