■ STEVEN LANTIGUA et al., Respondents, v RICK MALLICK et al., Defendants and ALEXANDRA KARAS et al., Appellants. [693 NYS2d 619] —In an action to recover damages for personal injuries, etc., the defendants Alexandra Karas and Frank A.

Ciolli appeal from so much of an order of the Supreme Court, Kings County (R. Goldberg, J.), dated May 18, 1998, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs brought this action, *inter alia*, to recover damages for injuries allegedly suffered by the infant plaintiff, Steven Lantigua, due to lead poisoning from lead paint and/or dust in the apartment in which he lived. The appellants are the sole shareholders of the defendant 752-770 60th Street Corp., which is the corporate owner of the building, The plaintiffs contend that the appellants can be held individually liable under Administrative Code of the City of New York § 27-2114 (e), although they are not the named owners of the building. Under that regulation, when a multiple dwelling has been declared a public nuisance, those persons who own more than 10% of the issued and outstanding stock of any corporation which is in operation and control of the multiple dwelling may be held jointly or severally liable for all injury to a person as a result of that nuisance.

Contrary to the appellants' contention, they did not establish a prima facie case for summary judgment dismissing the complaint. The appellants failed to establish the lack of existence of any triable issue of fact concerning whether the subject building had been declared a public nuisance (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320; *Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966).

Moreover, an award of summary judgment in favor of the appellants on the ground that liability cannot be imposed upon them because the building is owned by a corporation would be premature, since substantial discovery remains outstanding (*see,* CPLR 3212 [f]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Brown v County of Nassau*, 226 AD2d 492; *Yu v Forero*, 184 AD2d 506). Santucci, J. P., Joy, Feuerstein and Schmidt, JJ., concur.