■ Roberto Rengifo, Respondent, v City of New York, Defendant, and Shareen Realty Corp., Appellant. [776 NYS2d 865]—

In an action to recover damages for personal injuries, the defendant Shareen Realty Corp. appeals from an order of the Supreme Court, Queens County (Flug, J.), dated March 11, 2003, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

Contrary to the contentions of the defendant Shareen Realty Corp. (hereinafter Shareen), it did not establish a prima facie case for summary judgment dismissing the complaint. Shareen failed to submit sufficient evidence in admissible form demonstrating the absence of any triable issues of fact concerning the nature and location of the alleged sidewalk defect (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). Moreover, to meet its prima facie burden, Shareen could not rely on the evidence submitted for the first time in its reply papers (*see Adler v Suffolk County Water Auth.,* 306 AD2d 229 [2003]; *Constantine v Premier Cab Corp.,* 295 AD2d 303 [2002]; *Feratovic v Lun Wah, Inc.,* 284 AD2d 368 [2001]; *Voytek Tech. v Rapid Access Consulting,* 279 AD2d 470 [2001]). In any event, granting Shareen's motion for summary judgment dismissing the complaint would have been premature since discovery was outstanding at the time the motion was made (*see* CPLR 3212 [f]; *Lantigua v Mallick,* 263 AD2d 467 [1999]; *Brown v County of Nassau,* 226 AD2d 492 [1996]; *Yu v Forero,* 184 AD2d 506 [1992]). Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.