RICARDO WRIGHT, Respondent, v JAMES J. SHAPIRO et al., Defendants, and LORI J. HENKEL, Appellant. [791 NYS2d 799]—

Appeal from an order of the Supreme Court, Monroe County (Robert J. Lunn, J.), entered May 18, 2004. The order, insofar as appealed from, denied without prejudice the motion of defendant Lori J. Henkel seeking summary judgment dismissing the complaint against her.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the second cause of action against defendant Lori J. Henkel and as modified the order is affirmed without costs.

Memorandum: While playing in a high school football scrimmage, plaintiff sustained serious physical injuries. Plaintiff and his mother retained the law firm of Shapiro and Shapiro to pursue claims arising out of the injuries; Lori J. Henkel (defendant) was the associate attorney who handled plaintiff's case. Henkel commenced an action against the Rochester City School District (RCSD) and the Greece Central School District on plaintiff's behalf, but both districts successfully moved for summary judgment dismissing the complaint based on assumption of the risk and lack of proximate cause. Plaintiff then commenced this action against, inter alia, defendant, asserting causes of action for legal malpractice and false and misleading advertising.

After answering the complaint, defendant moved for summary judgment dismissing the causes of action asserted against her. Relying on *Almonte v Latortue* (293 AD2d 431 [2002]) and *Brown v County of Nassau* (226 AD2d 492 [1996]), Supreme Court denied the motion as premature. With respect to the cause

of action for false and misleading advertising, we conclude that the court erred and modify the order accordingly.

Pursuant to CPLR 3212 (f) a motion for summary judgment may be denied as premature where the opposing party shows that "facts essential to oppose the motion were in [the movant's] exclusive knowledge and possession and could be obtained by discovery" (*Franklin v Dormitory Auth. of State of N.Y.*, 291 AD2d 854, 854 [2002]; *see* 3212 [f]; *Welch Foods v Wilson*, 277 AD2d 882, 883 [2000]). " 'Mere hope that somehow the plaintiff will uncover evidence that will prove a case provides no basis pursuant to CPLR 3212 (f) for postponing a determination of a summary judgment motion' " (*Mackey v Sangani*, 238 AD2d 919, 920 [1997], quoting *Plotkin v Franklin*, 179 AD2d 746, 746 [1992]).

With respect to the cause of action for false and misleading advertising, defendant established that, as an employee of the law firm, she had no control or authority over advertising. Therefore, regardless of whether the advertising of defendant's employer was false or misleading (*see Solomon v Bell Atl. Corp.*, 9 AD3d 49, 52 [2004]; *see also* General Business Law §§ 349, 350), defendant established that, as an employee, she could not be personally liable for the acts of her employer (*see Beskow v Halow*, 223 App Div 434, 439 [1928], *affd* 251 NY 514 [1929]). Plaintiff's contention that defendant had been held personally liable in an unrelated case, where the record contains no facts beyond the caption and the Monroe County Supreme Court index number, is insufficient to raise a triable issue of fact and is insufficient " 'to suggest that discovery may lead to relevant evidence' " (*Wyllie v District Attorney of County of Kings*, 2 AD3d 714, 717 [2003]; *see Preferred Capital v PBK, Inc.*, 309 AD2d 1168, 1169 [2003]).

With respect to the cause of action for legal malpractice, however, plaintiff alleged in his complaint that, inter alia, defendant was negligent in failing to assert a claim that RCSD violated the rules of the New York State Public High School Athletic Association, Inc. (NYSPHSAA). Defendant submitted evidence in admissible form sufficient to establish that she was not negligent in failing to allege specifically that RCSD violated NYSPHSAA policies for participation in football scrimmages and, in any event, that any such negligence was not a proximate cause of the loss sustained by plaintiff (*see Oot v Arno*, 275 AD2d 1023, 1023-1024 [2000]; *cf. Robbins v Harris Beach & Wilcox*, 291 AD2d 797, 798 [2002]). Plaintiff, however, submitted evidence raising a triable issue of fact that RCSD violated the NYSPHSAA rule requiring players to have participated in a

minimum number of practices before being permitted to play in a scrimmage and also established that discovery may lead to relevant evidence on that issue. Plaintiff submitted evidence establishing that the NYSPHSAA rule existed in order to ensure that players were taught necessary conditioning exercises and that he was allowed to play in a scrimmage without having attended the minimum number of practices. Thus, he raised an issue of fact whether the risks inherent in the sport of football were unreasonably increased such that the doctrine of assumption of risk would not have barred his personal injury action (*see generally Morgan v State of New York*, 90 NY2d 471, 485 [1997]; *Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658 [1989]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Pine, JJ.