■ NICHOLAS DONATO III et al., Respondents, v ELRAC, INC., et al., Appellants, and JONATHAN HOLM, Defendant. [795 NYS2d 348]—

In an action to recover damages for personal injuries, etc., the defendant Loni Holm appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Rosenwasser, J.), dated February 6, 2004, as denied that branch of her cross motion which was for summary judgment dismiss-

ing the complaint insofar as asserted against her, and the defendants ELRAC, Inc., ELRAC, Inc., doing business as Enterprise Rent-A-Car, Enterprise Rent-A-Car, and Enterprise Rent-A-Car Company separately appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

On January 27, 2002, at approximately 3:30 A.M., the 13-year-old defendant, Jonathan Holm, was operating a vehicle on Old Tuxedo Road in Orange County. The injured infant plaintiff was a passenger in the vehicle. The driver lost control of the vehicle while speeding and struck approximately five trees. The vehicle involved in the accident had been rented by the infant defendant's mother, the defendant Loni Holm, approximately four days before the accident.

Thereafter, the plaintiffs commenced this action against the infant defendant, Jonathan Holm, Loni Holm, and ELRAC, Inc., ELRAC, Inc., doing business as Enterprise Rent-A-Car, Enterprise Rent-A-Car, and Enterprise Rent-A-Car Company (hereinafter collectively ELRAC), alleging that the infant defendant's negligent operation of the vehicle caused the infant plaintiff's injuries and that Loni Holm and ELRAC were responsible for those injuries pursuant to Vehicle and Traffic Law § 388. The Supreme Court granted those branches of the cross motions of Loni Holm and ELRAC which were for leave to amend their answers to assert the defense of the absence of permissive use, but denied those branches of their cross motions which were for summary judgment because it was not appropriate to grant summary judgment without permitting the plaintiffs to proceed with discovery. We affirm.

In opposition to those branches of the cross motions which were for summary judgment, the plaintiffs offered no evidence in admissible form regarding whether the infant defendant had permission to use the rental vehicle. However, before any pretrial disclosure, such information would be exclusively within the knowledge of the defendants, and thus, summary judgment was inappropriate at this time (see CPLR 3212 [f]; Jered Contr. Corp. v New York City Tr. Auth., 22 NY2d 187, 194 [1968]; Procter & Gamble Distrib. Co. v Lawrence Am. Field Warehousing Corp., 16 NY2d 344, 362 [1965]; Firesearch Corp. v Micro Computer Controls Corp., 240 AD2d 365, 366 [1997]; Grumman Aerospace Corp. v Rice, 199 AD2d 365, 366 [1993]; Silverman v

*Arrow Linen Supply Co.*, 131 AD2d 459, 460 [1987]). Moreover, questions of credibility on motions for summary judgment should not be determined by affidavit, but rather, the movant's version should be subjected to cross-examination (*see Frame v Mack Markowitz, Inc.*, 125 AD2d 442, 443 [1986]).

Loni Holm failed to establish, prima facie, that the rental agreement was not for a period of greater than 30 days (*see* Vehicle and Traffic Law § 128; *Dairylea Coop. v Rossal*, 64 NY2d 1, 10 [1984]; *Motor Veh. Acc. Indem. Corp. v Continental Natl. Am. Group Co.*, 35 NY2d 260, 265 [1974]).

In light of our determination, we need not reach the parties' remaining contentions. Cozier, J.P., Luciano, Crane and Skelos, JJ., concur.