■ Marco Barrera, Appellant, v MTA Long Island Bus et al., Respondents. [859 NYS2d 483]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated April 3, 2007, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied, and the matter is remitted to the Supreme Court, Nassau County, to determine that branch of the defendants' motion which was to "preclud[e] the plaintiff from offering any evidence at trial concerning the parts of his body that were injured in a prior accident for which he failed to provide discovery."

On June 13, 2003 the plaintiff allegedly sustained injuries to his right knee, including, inter alia, a tear of the medial meniscus, when a bus owned by the defendant MTA Long Island Bus and operated by the defendant Dorrington A. Hunter struck the motor vehicle he was operating. The plaintiff underwent an arthroscopic procedure in September 2003, and again in December 2005, to treat his injuries.

The defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Tchjevskaia v Chase,* 15 AD3d 389 [2005]). The defendants' expert orthopedist reported range-

of-motion findings only with regard to one operation of the plaintiff's right knee, and failed to expressly compare that finding to what is considered normal range of motion (*cf. Caracci v Miller,* 34 AD3d 515 [2006]). The defendants' expert neurologist failed to report any range of motion findings with regard to the plaintiff's right knee. To meet its prima facie burden, the defendants could not rely on the evidence submitted for the first time in its reply papers (*see Rengifo v City of New York,* 7 AD3d 773 [2004]). Under these circumstances, it is not necessary to consider the sufficiency of the plaintiff's papers which were submitted in opposition to the defendants motion, inter alia, for summary judgment (*see Ayotte v Gervasio,* 81 NY2d 1062 [1993]).

Since the Supreme Court granted summary judgment to the defendants, it did not determine the remaining branch of the defendants' motion. In light of our determination denying summary judgment to the defendant, the matter must be remitted to the Supreme Court, Nassau County, for a determination of the undecided branch of the defendants' motion. Fisher, J.P., Ritter, Florio and Carni, JJ., concur.