In an action to recover damages for personal injuries, the defendants Jorge Bryon, Budget Rent A Car System, Inc., Budget Rent A Car System, Inc., doing business as Budget Rent-A-Car, Budget Rent-A-Car, and Budget Truck Trust I appeal, and the defendant E.R. Furniture Delivery, Inc., separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), entered October 31, 2007, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Zimmer-Hester Furniture Liquidations, Inc., separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
The defendant Jorge Bryon was employed by E.R. Furniture Delivery, Inc. (hereinafter E.R. Furniture), to drive a delivery truck containing furniture. E.R. Furniture was hired as an independent contractor by Zimmer-Hester Furniture Liquidations, Inc. (hereinafter Zimmer), to provide logistics services for furniture operations, which included trucking and warehouse management. Bryon drove a truck owned by the defendants Budget Rent A Car System, Inc., Budget Rent A Car System, *414 Inc., doing business as Budget Rent-A-Car, Budget Rent-A-Car, and Budget Truck Trust I (hereinafter collectively referred to as Budget) and allegedly leased to Zimmer.
On December 31, 2004, between 8:00 p.m. and 8:30 p.m., Bryon parked the truck in a gas station adjacent to a store that sold beer and liquor. The plaintiff owned an automotive repair shop located in the same area as the gas station. After the plaintiff asked Bryon to move the truck, Bryon got into the truck on the driver’s side and the plaintiff climbed onto the running board of the truck. Thereafter, a verbal altercation ensued between Bryon and the plaintiff while the plaintiff was on the truck. When Bryon put the truck’s gears in reverse while the plaintiff was standing on the running board and started moving the truck, the plaintiff fell off. The plaintiff allegedly was injured when the tires of the truck rolled over his legs.
After the plaintiff commenced this action, Budget and Bryon moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff’s conduct was the sole proximate cause of his injuries. E.R. Furniture moved for summary judgment dismissing the complaint as to it on the identical ground as Budget and Bryon. Zimmer made a separate motion for summary judgment dismissing the complaint and cross claims insofar as asserted against it on the ground that, inter alia, it could not be responsible for the plaintiffs injuries as an owner of a vehicle under Vehicle and Traffic Law § 388 (1) and § 128. The Supreme Court denied all of the motions. We affirm.
The defendants E.R. Furniture, Budget, and Bryon failed to meet their burden of establishing their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiffs conduct in climbing onto the truck was the sole proximate cause of the accident (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). In light of our determination, we need not examine the sufficiency of the plaintiffs opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]).
Zimmer failed to establish, prima facie, that the subject rental agreement was for a period of less than 30 days, which is relevant to the issue of liability (see Vehicle and Traffic Law § 128; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Donato v ELRAC, Inc., 18 AD3d 696, 698 [2005]). Under these circumstances, it is not necessary to consider the sufficiency of the plaintiffs papers submitted in opposition to Zimmer’s motion (see Ayotte v Gervasio, 81 NY2d 1062 [1993]; Alvarez v Prospect Hosp., 68 NY2d 320, 322 [1986]; Allstate Ins. Co. v Persampire, 45 AD3d 706, 707 [2007]). Moreover, Zimmer could not rely on *415 the evidence submitted for the first time in its reply papers to meet its prima facie burden (see Barrera v MTA Long Is. Bus, 52 AD3d 446 [2008]; Rengifo v City of New York, 7 AD3d 773 [2004]).
The parties’ remaining contentions are either not properly before this Court or without merit. Skelos, J.E, Ritter, Garni and Dickerson, JJ., concur.