■ JOHN WESTBROOK, Respondent, v VILLAGE OF ENDICOTT, Appellant. [889 NYS2d 317]—

Garry, J. Appeal from an order of the Supreme Court (Tait, J.), entered October 1, 2008 in Broome County, which, among other things, denied defendant's motion to dismiss the complaint and/or for summary judgment.

Plaintiff alleges in this action that he was injured after tripping over a pothole while crossing a street maintained by defendant. Defendant moved to dismiss the complaint and/or for summary judgment and argued, among other things, that it had not received prior written notice of the pothole. Supreme Court granted plaintiff's cross motion for leave to serve an amended complaint and denied defendant's motion without prejudice to a similar motion against the amended complaint. Defendant now appeals.

Assuming without deciding that defendant's motion was not rendered premature due to the fact that an answer to the amended complaint permitted by Supreme Court had not been served, we nevertheless affirm. It is established law "that a plaintiff may not bring a civil action against a municipality for damages as the result of an injury sustained by reason of a defective street, highway, bridge, culvert, sidewalk or crosswalk unless prior written notice of the allegedly defective condition has been given" (*Smith v Village of Hancock*, 25 AD3d 975, 975 [2006]; *see* CPLR 9804; Village Law § 6-628). Defendant's village clerk submitted an affidavit unequivocally stating that no such notice was given, shifting the burden to plaintiff to raise a material question of fact as to the applicability of an exception to the prior written notice requirement (*see Boice v City of Kingston*, 60 AD3d 1140, 1141 [2009]; *Federoff v Camperlengo*, 215 AD2d 806, 808 [1995]). Plaintiff argues that further

discovery is required with respect to one such exception, specifically "where the locality created the defect or hazard through an affirmative act of negligence" (*Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]). Street construction was occurring near where the accident occurred and, at a minimum, plaintiff is entitled to discovery on both defendant's role in that construction and whether the construction created the pothole.* As such, Supreme Court properly denied defendant's motion (*see* CPLR 3212 [f]; *Rupp v City of Port Jervis*, 10 AD3d 391, 392 [2004]; *Rengifo v City of New York*, 7 AD3d 773 [2004]; *cf. Federoff v Camperlengo*, 215 AD2d at 808).

Mercure, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

* We note that defendant submitted evidence that it had a minimal role in the construction project, which was undertaken by the state in order to maintain an intersecting street. That evidence was improperly submitted for the first time in defendant's reply papers, however, and led to protestations by plaintiff that he would have sought discovery on the issue had he known of defendant's claim earlier (*see Rengifo v City of New York*, 7 AD3d 773 [2004]).