In an action, inter alia, to recover damages for breach of a lease, the defendants/third-party plaintiffs, Jalyng Food Corp., Arcedo Valdez, and Luchy Fernandez, appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Tolbert, J.), entered October 13, 2011, as granted the plaintiffs motion for summary judgment on the complaint and denied their cross motion, in effect, for summary judgment dismissing the complaint and for summary judgment on the third-party complaint.
Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiffs motion for summary judgment on the complaint and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff did not demonstrate its prima facie entitlement to judgment as a matter of law on its complaint, because it failed to submit the relevant lease between it and the defendants/third-party plaintiffs (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; CPLR 3212 [b]). The plaintiff could not rely on evidence submitted for the first time in its reply papers in support of its motion (see GJF Constr. Corp. v Cosmopolitan Decorating Co., Inc., 35 AD3d 535, 535 [2006]; Voytek Tech, v Rapid Access Consulting, 279 AD 2d 470, 471 [2001]; see also Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc., 97 AD3d 524, 525 [2012]; Malanga v Chamberlain, 71 AD3d 644, 646 [2010]; David v Bryon, 56 AD3d 413, 414-415 [2008]; Barrera v MTA Long Is. Bus, 52 AD3d 446, 447 [2008]; Rengifo v City of New York, 7 AD3d 773, 773 [2004]). The plaintiffs failure to make a prima facie showing requires the denial of its motion, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Consequently, the Supreme Court should have denied the plaintiffs motion for summary judgment on the complaint.
*693 The defendants/third-party plaintiffs failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the complaint or for summary judgment on the third-party complaint (see generally Alvarez v Prospect Hosp., 68 NY2d at 324). Accordingly, the Supreme Court properly denied their cross motion in its entirety.
In light of the foregoing, we do not reach the parties’ remaining contentions. Dillon, J.E, Angiolillo, Dickerson and Hinds-Radix, JJ., concur.