NORTH RIVER INSURANCE COMPANY, Respondent-Appellant, v DURO DYNE NATIONAL CORPORATION et al., Appellants-Respondents, and HARTFORD ACCIDENT & INDEMNITY COMPANY, Respondent-Appellant, et al., Defendants. [61 NYS3d 78]—

Appeals and cross appeals from an order of the Supreme Court, Suffolk County (Daniel Martin, J.), dated July 10, 2014. The order, (1) insofar as appealed from by the defendants Duro Dyne National Corporation, Duro Dyne Corporation, and Duro Dyne Machinery Corporation, denied their motion for summary judgment declaring that Policy No. 5030356707 issued by the plaintiff does not include an endorsement excluding asbestos-related liability, and, in effect, denied their separate motion for summary judgment declaring that they are not required to contribute to their own defense costs in underlying litigation, (2) insofar as appealed from by the defendant Federal Insurance Company, failed to determine those branches of its cross motion which were for summary judgment dismissing the fourth cross claim of the defendants Duro Dyne National Corporation, Duro Dyne Corporation, and Duro Dyne

Machinery Corporation insofar as asserted against it, and failed to determine those branches of its cross motion which were for certain declarations, (3) insofar as appealed from by the defendant MidStates Reinsurance Corporation, formerly known as Mead Reinsurance Corporation, failed to determine those branches of its cross motion which were for summary judgment dismissing the first, second, third, and fourth cross claims of the defendants Duro Dyne National Corporation, Duro Dyne Corporation, and Duro Dyne Machinery Corporation insofar as asserted against it, and failed to determine those branches of its cross motion which were for certain declarations, (4) insofar as cross-appealed from by the plaintiff, denied that branch of its cross motion which was for summary judgment declaring that the defendants Duro Dyne National Corporation, Duro Dyne Corporation, and Duro Dyne Machinery Corporation are immediately required to contribute to their own defense costs in underlying litigation, and (5) insofar as cross-appealed from by the defendant Hartford Accident & Indemnity Company, failed to determine that branch of its cross motion which was for summary judgment declaring that the defendants Duro Dyne National Corporation, Duro Dyne Corporation, and Duro Dyne Machinery Corporation did not show exhaustion of its primary coverage policies so as to trigger its defense obligations.

Ordered that the appeal by the defendant Federal Insurance Company, the appeal by the defendant MidStates Reinsurance Corporation, formerly known as Mead Reinsurance Corporation, and the cross appeal by the defendant Hartford Accident & Indemnity Company are dismissed, without costs or disbursements, as those branches of the respective cross motions which are the subject of the appeals and cross appeal remain pending and undecided (*see Katz v Katz*, 68 AD2d 536 [1979]); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The defendants Duro Dyne National Corporation, Duro Dyne Corporation, and Duro Dyne Machinery Corporation (hereinafter collectively the Duro defendants), have been named as defendants in hundreds of lawsuits throughout the United States in which the plaintiffs seek to recover damages for injuries allegedly sustained as a result of exposure to asbestos contained in products manufactured and/or distributed by the Duro defendants from the 1950s through the 1970s (hereinafter the underlying lawsuits). The plaintiff, North River Insurance Company (hereinafter North River), issued several primary in-

surance policies and umbrella excess liability policies to the Duro defendants. North River commenced this declaratory judgment action against the Duro defendants and other insurance carriers from which the Duro defendants purchased general liability insurance polices and umbrella or excess insurance policies, seeking a determination of North River's obligation, if any, to defend and/or indemnify the Duro defendants in connection with the underlying lawsuits.

In an order dated July 10, 2014, the Supreme Court, inter alia, denied the Duro defendants' motion for summary judgment declaring that Policy No. 5030356707 issued by North River does not include an endorsement excluding asbestos-related liability, and, in effect, denied the Duro defendants' separate motion for summary judgment declaring that they are not required to contribute to their own defense costs in the underlying litigation. The court also denied that branch of North River's cross motion which was for summary judgment declaring that the Duro defendants are required to immediately contribute to their own defense costs in the underlying litigation.

The Supreme Court properly denied the Duro defendants' motion for summary judgment declaring that Policy No. 5030356707 issued by North River does not include an endorsement excluding asbestos-related liability. The Duro defendants failed to satisfy their prima facie burden of establishing entitlement to judgment as a matter of law. Randall S. Hinden, the Duro defendants' president, submitted an affidavit in support of the motion, but did not state that he possessed personal knowledge of the facts recited therein. Hinden did not indicate where he obtained the information set forth in his affidavit. He did not state that he had any first-hand knowledge of what transpired during the time the asbestos exclusion was purportedly added to the policy or that he even worked for the Duro defendants when the circumstances referred to in his affidavit occurred. Therefore, his affidavit was insufficient to demonstrate the absence of any triable issues of fact with respect to whether the asbestos exclusion was properly added to the policy (see CPLR 3212 [b]; *Republic Natl. Bank of N.Y. v Luis Winston, Inc.*, 107 AD2d 581, 582 [1985]). We note that the affidavit of Wayne D. Nowland, the vice president of the Duro defendants' insurance broker, was submitted by the Duro defendants for the first time in their reply papers. Therefore, the Duro defendants cannot rely upon Nowland's affidavit for the purpose of meeting their prima facie burden (see *L'Aquila Realty, LLC v Jalyng Food Corp.*, 103 AD3d 692 [2013]; *David v Bryon*, 56

AD3d 413, 414-415 [2008]; *Barrera v MTA Long Is. Bus*, 52 AD3d 446, 447 [2008]). The Duro defendants' failure to make a prima facie showing of entitlement to judgment as a matter of law requires the denial of the motion, regardless of the sufficiency of North River's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court properly denied that branch of North River's cross motion which was for summary judgment declaring that the Duro defendants are immediately required to contribute to their own defense costs in the underlying litigation for periods that they lacked insurance. The court appropriately deferred the issue of whether the Duro defendants must contribute to their defense costs for uninsured periods at least until such time as the underlying lawsuits are shown to involve "occurrences" during the period when they lacked insurance (*see Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 656 [1993]).

The Supreme Court properly rejected the Duro defendants' contention that they should not be required to contribute to their defense for the periods that they were uninsured on the ground that the insurance carriers who are parties to this appeal effectively waived any claim for contribution of defense costs from the Duro defendants by paying those costs in full for 20 years. "A waiver is the voluntary and intentional abandonment of a known right" (*Town of Hempstead v Incorporated Vil. of Freeport*, 15 AD3d 567, 569 [2005]; *see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 104 [2006]; *Hannigan v Hannigan*, 104 AD3d 732, 734 [2013]). Here, the Duro defendants conceded that as early as August 1990, several of the insurers asserted that the Duro defendants should contribute toward the defense and indemnity costs of the underlying litigation. The insurers made repeated requests for the Duro defendants to do so and issued letters reserving their rights, thereby evincing that they did not intend to waive any right they may have to seek contribution from the Duro defendants during periods that the Duro defendants were uninsured.

Nor are the Duro defendants protected by the principle of estoppel. Estoppel "requires proof that the insured has suffered prejudice by virtue of the insurer's conduct" (*Provencal, LLC v Tower Ins. Co. of N.Y.*, 138 AD3d 732, 734 [2016]). Here, the Duro defendants failed to show any prejudice resulting from the insurers' conduct. As a result, there is no basis to estop the insurers from seeking contribution from the Duro defendants (*see Frankart Distribs., Inc. v Federal Ins. Co.*, 616 F Supp 589, 593 [SD NY 1985]).

The parties' remaining contentions are either without merit or not properly before this Court (*see Katz v Katz*, 68 AD2d 536 [1979]). Balkin, J.P., Cohen, Hinds-Radix and Maltese, JJ., concur.