Smith v Bailey (2019 NY Slip Op 03207)





Smith v Bailey


2019 NY Slip Op 03207


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


462 CA 18-02281

[*1]JEFFREY R. SMITH AND NANCY O. SMITH, PLAINTIFFS-APPELLANTS,
v
MARIANNE D.S. BAILEY, INDIVIDUALLY, AND MARIANNE D.S. BAILEY AND CONNIE M. SMITH, AS CO-TRUSTEES OF THE SMITH LIVING TRUST DATED DECEMBER 8, 1999 (SITUS NEW YORK), DEFENDANTS-RESPONDENTS. 






MELVIN & MELVIN, PLLC, SYRACUSE (MICHAEL R. VACCARO OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered August 3, 2018. The order, inter alia, denied in part the motion of plaintiffs for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs appeal from an order that, inter alia, "denied without prejudice" that part of their motion for summary judgment on their first cause of action. Contrary to plaintiffs' contention, we conclude that Supreme Court properly denied that part of the motion. Defendants, in opposing plaintiffs' motion, established that facts essential to justify opposition may exist but cannot now be stated (see Beck v City of Niagara Falls, 169 AD3d 1528, 1529 [4th Dept 2019]; cf. Resetarits Constr. Corp. v Elizabeth Pierce Olmsted, M.D. Center for the Visually Impaired [appeal No. 2], 118 AD3d 1454, 1456 [4th Dept 2014]) and that " facts essential to oppose the motion were in [plaintiffs'] exclusive knowledge and possession and could be obtained by discovery' " (Wright v Shapiro, 16 AD3d 1042, 1043 [4th Dept 2005]). "[I]n view of the limited discovery that has been conducted," we conclude that the motion was premature and thus was properly denied without prejudice (Coniber v Center Point Transfer Sta., Inc., 82 AD3d 1629, 1629 [4th Dept 2011]; see CPLR 3212 [f]).
Based on our determination, we do not address plaintiffs'
remaining contentions.
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court