Pfirman v Village of New Paltz (2024 NY Slip Op 03215)

Pfirman v Village of New Paltz

2024 NY Slip Op 03215

Decided on June 13, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 13, 2024

CV-23-0697
[*1]David Pfirman et al., Appellants,
v
Village of New Paltz et al., Respondents.

Calendar Date:April 24, 2024

Before:Egan Jr., J.P., Aarons, Lynch, Reynolds Fitzgerald and Powers, JJ.

Law Office of Steven M. Melley, PLLC, Rhinebeck (Steven M. Melley of counsel) and Robert P. Ianelli, Fishkill, for appellants.
Drake Loeb, PLLC, New Windsor (Matthew S. Lerner of Gerber Ciano Kelly Brady LLP, Buffalo, of counsel), for Village of New Paltz, respondent.
O'Connor McGuinness Conte Doyle Oleson Watson & Loftus, LLP, White Plains (Montgomery L. Effinger of counsel), for Town of New Paltz, respondent.

Aarons, J.
Appeals (1) from an order of the Supreme Court (David M. Gandin, J.), entered April 3, 2023 in Ulster County, which granted defendants' motions for summary judgment dismissing the complaint, and (2) from two judgments entered thereon.
Plaintiff David Pfirman was injured in a bicycle accident alleged to have occurred when he hit a small circular opening in the asphalt pavement (hereinafter the pothole) in the bicycle lane running along the north side of Henry W. Dubois Drive in the Village of New Paltz, Ulster County. At the bottom of the pothole was a water valve box cover installed to connect nearby private property to municipal water mains.
Pfirman and his spouse, derivatively, commenced this action alleging, among other things, that defendants failed to maintain Dubois Drive in a safe condition. Defendants each joined issue, and defendant Town of New Paltz cross-claimed against defendant Village of New Paltz for indemnification or contribution. Following discovery, defendants separately moved for summary judgment dismissing the complaint against them. Over plaintiffs' opposition, Supreme Court granted defendants' motions in a decision and order and thereafter entered judgments to that effect. Plaintiffs appeal.
As to the Village's motion, "[i]t is established law that a plaintiff may not bring a civil action against a municipality for damages as the result of an injury sustained by reason of a defective street, highway, bridge, culvert, sidewalk or crosswalk unless prior written notice of the allegedly defective condition has been given" (Westbrook v Village of Endicott, 67 AD3d 1319, 1319 [3d Dept 2009] [internal quotation marks and citation omitted]; see CPLR 9804; Village Law § 6-628; see also Town Law § 65-a [1]; Seelinger v Town of Middletown, 79 AD3d 1227, 1228 [3d Dept 2010]). Thus, when moving for summary dismissal based upon that rule, the municipality bears the initial burden of establishing that the place where the alleged injury occurred was within the scope of the applicable notice provision and that it never received such notice (see Clute v Town of Lisle, 225 AD3d 1042, 1043 [3d Dept 2024]; Giarraffa v Town of Babylon, 84 AD3d 1162 [2d Dept 2011]; Smith v Village of Hancock, 25 AD3d 975, 976 [3d Dept 2006]). Only then does the burden shift to the plaintiff to submit proof demonstrating a question of fact as to prior written notice or that an exception to the notice requirement applies (see Cornish v City of Ithaca, 149 AD3d 1321, 1323 [3d Dept 2017]; Westbrook v Village of Endicott, 67 AD3d at 1319). "There are two recognized exceptions: where a plaintiff can demonstrate that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Calabrese v City of Albany, 221 AD3d 1152, 1152-1153 [3d Dept 2023] [internal quotation marks and citations omitted]; see D'Antuono v Village of Saugerties, 101 AD3d 1331, 1332 [3d Dept 2012]).
Supreme Court [*2]appropriately granted the Village's motion. Plaintiffs concede in their brief that Dubois Drive is a highway by use (see generally Highway Law § 189; Hoffman v Town of Shandaken, 147 AD3d 1275, 1276 [3d Dept 2017]; Petti v Town of Lexington, 92 AD3d 1111, 1111-1113 [3d Dept 2012]), and civil actions alleging personal injuries caused by defects in highways maintained by the Village are subject to prior written notice under state and local law (see Village Law § 6-628; Code of Village of New Paltz § 146-1). The record shows that the bicycle lane was part of Dubois Drive, separated from motor vehicle traffic by a white line, and therefore subject to prior written notice requirements applicable to a highway (see generally Vehicle and Traffic Law § 118; Groninger v Village of Mamaroneck, 17 NY3d 125, 129 [2011]). The Village's uncontroverted evidence that it never received written notice of the pothole shifts the burden to plaintiffs to demonstrate a triable issue of fact as to whether one of the exceptions to notice applies.
Plaintiffs failed to carry their shifted burden.[FN1] Nothing in plaintiffs' papers demonstrates that the Village may have derived a special benefit from the relevant part of Dubois Drive (see Poirier v City of Schenectady, 85 NY2d 310, 315 [1995]; Clute v Town of Lisle, 225 AD3d at 1045). Further, plaintiffs' expert opined only that the pothole was deepened when the Village resurfaced Dubois Drive in 2009, commenting that the Village's contract for that project did not include a requirement to raise "manholes, drainage grates or valve boxes to the new pavement elevation." Although the Village may be liable for exacerbating a dangerous condition (see Podhurst v Village of Monticello, 202 AD3d 1185, 1186 [3d Dept 2022]), plaintiffs submitted no evidence that such a dangerous condition existed before resurfacing in 2009 (see Kushner v City of Albany, 27 AD3d 851, 852 [3d Dept 2006], affd 7 NY3d 726 [2006]).[FN2] To the extent the increased depth of the pothole after resurfacing constitutes a dangerous condition, plaintiffs' expert did not assert that such condition was brought about because the Village negligently resurfaced Dubois Drive in 2009. Instead, the expert explicitly opined that such condition resulted from the failure to raise the valve box cover or fill the pothole to be flush with the roadway. Even viewing this evidence in the light most favorable to plaintiffs as nonmovants (see Smero v City of Saratoga Springs, 160 AD3d 1169, 1170 [3d Dept 2018]), "such conduct amounts to nonfeasance, rather than affirmative negligence," and therefore outside the purview of the exception (Boice v City of Kingston, 60 AD3d 1140, 1142 [3d Dept 2009]; see Miller v County of Suffolk, 163 AD3d 954, 958 [2d Dept 2018]).[FN3]
Supreme Court likewise did not err in granting the Town's motion. "A municipality cannot be held liable for the failure to maintain in a reasonably safe condition a road it does not own or control unless it affirmatively undertakes [*3]such a duty" (Montemurro v Nassau County, 188 AD3d 871, 872 [2d Dept 2020] [citations omitted]; see Ernest v Red Cr. Cent. School Dist., 93 NY2d 664, 675 [1999]). Testimony and affidavits supplied by the Town demonstrate that the Village, not the Town, controlled the area of Dubois Drive where the pothole was located, shifting the burden to plaintiffs to raise an issue of fact as to whether the Town assumed a duty to maintain the relevant part of Dubois Drive (see Hough v Hicks, 160 AD2d 1114, 1116 [3d Dept 1990], lv denied 77 NY2d 802 [1991]).
Plaintiffs again failed to satisfy their shifted burden. Plaintiffs mainly rely on bare statements from websites and a 2021 transportation scoping report indicating, without qualification, that the Town maintains Dubois Drive.[FN4] Plaintiffs also provided Town committee meeting minutes and other documents purporting to show the Town coordinated with the Village with respect to the creation of bicycle lanes on Dubois Drive. Yet, plaintiffs' documents also state that the boundary line between the Town and the Village not only cuts across Dubois Drive but also, at certain places, runs down the middle of it. Given such complicated geography, nonspecific assertions of the Town's obligations do not create a factual issue as to whether the Town, at the time of Pfirman's alleged injury, affirmatively undertook a duty to maintain the part of Dubois Drive entirely within the Village's jurisdiction where the pothole was located (see Village Law § 6-618; Ernest v Red Cr. Cent. School Dist., 93 NY2d at 675; Nicholas T. v Town of Tonawanda, 213 AD3d 1333, 1334 [4th Dept 2023]; Battaglia v Town of Bethlehem, 46 AD3d 1151, 1154 [3d Dept 2007]).
The parties' remaining contentions have been reviewed and determined to be unavailing.
Egan Jr., J.P., Lynch, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the order and the judgments are affirmed, without costs.

Footnotes

Footnote 1: Because Code of Village of New Paltz § 146-1 is consistent with Village Law § 6-628 to the extent that both explicitly require prior written notice for defects in highways, we need not address plaintiffs' contention that Code of Village of New Paltz § 146-1 is unconstitutional because it impermissibly expands the statutory prior written notice requirement to also include defects on all Village property (compare Walker v Town of Hempstead, 84 NY2d 360, 364-365 [1994]).

Footnote 2: Additionally, testimony by the Town's Highway Supervisor in support of the Town's motion indicated that valve box covers are "below the blacktop level" to avoid damaging the covers and snowplows during snow removal.

Footnote 3: Plaintiffs' contention that the presence of the water valve box cover relieves them of the prior written notice requirement is unpreserved for our review (see Viscusi v City of Gloversville, 272 AD2d 745, 745-746 [3d Dept 2000]).

Footnote 4: Village and Town officials testified that such statements were incorrect.