Alert v Iqbal (2025 NY Slip Op 50811(U))

[*1]

Alert v Iqbal

2025 NY Slip Op 50811(U)

Decided on May 26, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 26, 2025
Supreme Court, Kings County

Jonelle Theresa Alert, Plaintiff,

against
Shahid Iqbal, "JOHN DOE" and/or "JANE DOE", the first and last names being fictitious and unknown to Plaintiff, UBER TECHNOLOGIES, INC., UBER USA, LLC, and RASIER-NY, LLC, Defendants.

Index No. 513392/2024

Mikhail Yadgarov & Associates, P.C., Brooklyn (Nancy Tang of counsel), for Plaintiff.
Law Offices of Nancy L. Isserlis, Long Island City (Vlad Bendersky of counsel), for Defendant Shahid Iqbal.
Wood, Smith, Henning & Berman LLP, New York City (Justin Masure of counsel) for Defendants Uber Technologies, Inc., Uber USA, LLC, and Raiser-NY, LLC.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 18-29, 41-45, 47.
Upon the foregoing papers, having heard oral argument on the record, and due deliberation having been had, the within motion is determined as follows.
Background
This is a motion for summary judgment by Plaintiff Jonelle Theresa Alert against Defendant Shahid Iqbal on the issue of liability regarding a motor vehicle accident that occurred on May 8, 2023. Plaintiff also seeks to strike said Defendant's affirmative defenses of contributory negligence, assumption of the risk, and culpable conduct.[FN1]

Plaintiff alleges that the subject accident occurred in a crosswalk on Beverley Road [FN2]
 at the intersection with New York Avenue, where she was struck by Defendant Iqbal's vehicle. She was a pedestrian crossing the street when someone operating said Defendant's vehicle struck her person while making a left turn.[FN3]
Plaintiff further contends that as a result of this collision, she sustained serious and permanent injuries, including to her cervical spine, lumbar spine, left and right knee, and head.
Plaintiff's motion seeks summary judgment on liability against Defendant Shahid Iqbal only, and not as against Defendant Uber Technologies, Inc. or its related Defendants, Uber USA, LLC and Rasier-NY, LLC. Defendant Iqbal denies that an accident occurred as described by Plaintiff. Said Defendant contends that his vehicle never struck Plaintiff but that Plaintiff touched the front of vehicle and immediately took a photograph of Defendant's license plate.
Discussion
Summary Judgment Standard
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). If there is any doubt as to the existence of a triable issue of fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]). On a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 314 [2024]).
Plaintiff's Prima Facie Case Claim
Plaintiff argues she met her burden to prove prima facie entitlement to summary judgment on the issue of liability. This contention rests on the fact that Plaintiff was a lawful pedestrian crossing within the crosswalk on Beverley Road at New York Avenue, when she was struck by Defendant Iqbal's motor vehicle when the driver failed to properly yield the right of way to her while making a left turn. Before she left the sidewalk and entered the marked pedestrian crosswalk she had observed the road and looked in both directions to ensure it was safe to cross. She walked across the crosswalk in a normal speed and without any warning. There were no sounds of a horn or brakes being applied.
Plaintiff maintains that the driver who struck her was statutorily liable, citing Vehicle and Traffic Law §§ 1111 and 1151, in that the deriver failed to yield to her while she crossed the street. Additionally, the driver had a duty to see what he should have been able to see.
Plaintiff contends that this prima facie case is supported by sufficient evidence that would resolve any disputes of fact. Plaintiff submits photographs obtained by Google Photos of the evidence at the intersection of New York Avenue and Beverley Road and a certified police report of the incident. Plaintiff argues that these exhibits collectively provide sufficient evidence to support their motion for summary judgment on the issue of liability and to strike as a matter of law the affirmative defenses of comparative negligence, culpable conduct, and assumption of risk.
Plaintiff's submission, principally her affidavit, made out a prima facie case of entitlement to summary judgment, and the burden shifted to Defendant Iqbal to demonstrate a material issue of fact.
Defendant's Opposition
Defendant Iqbal disputed being in accident. He claimed that he operated his vehicle on May 8, 2023, when at the intersection of Beverley Road and East 34 Street (not New York Avenue), he turned and a pedestrian suddenly touched the front of his vehicle, took a photograph of it, and walked away. His vehicle did not strike Plaintiff. She did not fall down. She made it appear like there was an accident.
Furthermore, Defendant Iqbal argues that Plaintiff's affidavit in support is tailored to be self-serving and is insufficient to satisfy the burden of proof for summary judgment. Plaintiff's affidavit failed to state whether the traffic light controlling the intersection was in her favor or whether there was a pedestrian control signal there. The police report should not be considered since the officer who prepared it did not witness the accident.
Defendant Iqbal also responded in opposition that Plaintiff's motion for summary judgment is premature considering the lack of discovery in this case. Defendant cites to Kiernan v DaimlerChrysler Corp. (65 AD3d 614 [2d Dept 2009]), Destin v New York Tr. Auth. (303 AD2d 713 [2d Dept 2003]), Almonte v Latortue (293 AD2d 431 [2d Dept 2002]), and Lantigua v Mallick (263 AD2d 467 [2d Dept 1999]) to show that courts have routinely denied summary judgment where depositions remains incomplete or yet to begin. Defendant Iqbal contends that there are facts within the sole knowledge of Plaintiff, such as what action she took to avoid being contacted by the vehicle, what Plaintiff observed before the contact took place, and whether anything obstructed her view.
Contested Facts Still Present
It is clearly contested in this motion whether Defendant Iqbal (or whoever was driving his vehicle) struck Plaintiff or whether she gratuitously touched it. Moreover, there is a dispute where the interaction took place: Beverley Road and New York Avenue or Beverley Road and East 34 Street.
Summary judgment cannot be granted where there exist material disputes of fact (see CPLR § 3212). In McIntosh v Leung (84 Misc 3d 1225[A], 2024 NY Slip Op 51519[U] [Sup Ct, Kings County 2024]), this Court denied Plaintiffs motion for summary judgment when the parties had significant disagreements regarding the subject motor vehicle accident. Here, similar material disputes of fact exist regarding the accident at the heart of the issue. Plaintiff's record evidence in her exhibits (police report and Goggle street photos) submitted in support of her affidavit and attorney's affirmations are not sufficient to resolve these material disputes of fact. Accordingly, Plaintiff's motion for summary judgment on the issue of liability must be denied (see CPLR 3212).
Striking Affirmative Defenses
That branch of Plaintiff's motion seeking to strike certain of Defendant Iqbal's affirmative defenses as a matter of law is equally dependant on the same set of disputed facts as the branch of her motion to grant her summary judgment. Plaintiff's comparative negligence and culpable conduct can only be determined as a matter of law once the disputes of fact are resolved by the trier of fact. Accordingly, that branch of Plaintiff's motion to strike affirmative defenses is denied with respect to comparative negligence and culpable conduct.
The application of the assumption of risk doctrine has been narrowed in the State of New York to apply exclusively to athletic and recreational activities. The assumption of risk doctrine is not generally applicable in negligence actions to nullify a defendant's duty, but is appropriately interposed only to shield a defendant from exposure to liability arising from risks inherent in athletic and recreational activities (see Trupia v Lake George Cent. Sch. Dist., 14 NY3d 392 [2010]). In this instance, it is clear that Plaintiff was not engaging in athletic or recreational activities. This is substantiated by the certified police report, which confirmed that Plaintiff was not in possession of any rollerblades, skateboard, scooter, or other modalities of movement that would facilitate recreational transportation.[FN4]
"[T]he assumption of risk doctrine is inapplicable to a situation where a pedestrian was struck by a vehicle while crossing a street within a crosswalk (see De Diaz v Klausner, 198 AD3d 475, 476 [2021]" (Hartell v Shauket, 227 AD3d 963, 965 [2d Dept 2024]; see also Farnham v MIC Wholesale Ltd., 176 AD3d 1605 [4th Dept 2019]; Franco v Zingarelli. 72 AD2d 211 [1st Dept 1980]). Therefore, that branch of Plaintiff's motion to strike affirmative defenses is granted with respect to assumption of the risk.
Conclusion
Accordingly, it is hereby ORDERED as follows:
(1) That branch of Plaintiff's motion seeking summary judgment on the issue of liability is DENIED.
(2) That branch of Plaintiff's motion seeking to strike affirmative defenses is DENIED with respect to comparative negligence and culpable conduct and GRANTED with respect to assumption of the risk.
(3) The words "the Plaintiff assumed the risk inherent in the activity in which Plaintiff was then engaged and further" are stricken from the first affirmative defense in Defendant Shahid Iqbal's answer.
(4) The tenth affirmative defense in Defendant Shahid Iqbal's answer is stricken.

Footnotes

Footnote 1:Defendant Iqbal's first affirmative defense alleged assumption of the risk, culpable conduct, and negligence on the part of Plaintiff. The sixth, seventh, and eighth affirmative defenses alleged various forms of negligence based on Plaintiff's violation of Article 27 of the Vehicle and Traffic Law. The ninth affirmative defense alleged assumption of the risk in being a pedestrian.

Footnote 2:The Court takes judicial notice that the street has also been spelled Beverly.

Footnote 3:The driver of Defendant Iqbal's vehicle was denoted as "John Doe" or "Jane Doe" in the caption, but it appears that Defendant Iqbal admits driving his vehicle at the time of the accident albeit at a nearby location. The Court takes judicial notice that New York Avenue and East 34 Street are parallel streets a block apart.

Footnote 4:Even then, outside the parameters of competition or performing at an athletic venue, it is doubtful that such a plaintiff struck by a vehicle would be deemed to have assumed the risk (see Custodi v Town of Amherst, 20 NY3d 83 [2012] [rollerblader tripped and fell on private property]).